The document below is hereby signed.

Signed: March 16, 2011.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| W.A.R., LLP, | ) | Case No. 11-00044 |
| | ) | (Chapter 7) |
| Debtor. | ) | Not for Publication in |
| | ) | West's Bankruptcy Reporter |

MEMORANDUM DECISION AND ORDER
STRIKING NOTICE OF RELATED PROCEEDINGS AND
DISMISSING MOTION FOR SANCTIONS AGAINST TY CLEVENGER, ESQUIRE

This case was commenced by Douglas Sims' filing an involuntary petition against the debtor, W.A.R., LLP, in the United States Bankruptcy Court for the Western District of Tennessee.  On January 4, 2011, the United States Bankruptcy Court for the Western District of Tennessee entered an order transferring the case to this court.  An appeal of that transfer order is pending in the United States District Court for the Western District of Tennessee.  On March 8, 2011, the debtor filed in this court a Notice of Related Proceedings, stating in relevant part that:

> On March 8, 2011, the Debtor and Mr. Sims moved the United States District Court for the Western District of Tennessee to initiate contempt proceedings and to grant injunctive relief prohibiting interested party Dr.

>William C. Cartinhour and his attorneys from further violating the automatic bankruptcy stay. A copy of that motion is attached as Exhibit A, and the supporting memorandum is attached as Exhibit B (the subordinate exhibits are not attached, but can be provided if the Court wishes). . . . The movants are not certain where the motion should properly be heard, but they respectfully ask the courts to confer among themselves and provide further direction as appropriate.

Under Fed. R. Bankr. P. 9013, a request for an order must be sought by a motion. The Notice of Related Proceedings is not a motion in proper form,[1] and thus will be stricken to the extent that it requests relief from this court. The appended copy of the Joint Motion for Sanctions, Injunctive Relief, Damages, Contempt Proceedings, and to Declare Judgment Void filed in the United States District Court for the Western District of Tennessee was not captioned for this case and was not filed as a motion in this court. If Sims and the debtor wish to pursue the Joint Motion in this court, they must file the Joint Motion as a

---

[1] The Notice of Related Proceedings (although filed only by the debtor) states that Sims and the debtor "are not certain where the motion should properly be heard, but they respectfully ask the courts to confer among themselves and provide further direction as appropriate." Even if the Notice of Related Proceedings had been filed in proper form as a motion, the court would deny the request. The court does not give advice to counsel. Moreover, the request is disingenuous and a waste of the court's time. The answer as to where alleged violations of the automatic stay should be addressed is obvious, and I will not dignify the Notice of Related Proceedings by stating the obvious.

motion in this court.[2]

Treating the Joint Motion as filed here "under the guise of a 'notice,'" William C. Cartinhour, Jr. has filed in this court an opposition to the Joint Motion. For reasons already explained, the Joint Motion is not pending in this court.

Cartinhour also filed a Motion for Sanctions Against Ty Clevenger, Esquire (counsel for the debtor) for filing the Joint Motion, but, again, the Joint Motion is not pending in this court. Cartinhour remains free to pursue sanctions against Clevenger in the court where the Joint Motion *is* pending, or in this court if Clevenger files the Joint Motion in this court. In light of the foregoing, it is

ORDERED that the Notice of Related Proceedings (Dkt. No. 58) and its attachments are stricken to the extent that any relief was sought from this court. It is further

---

[2] Treating the appended Joint Motion as intended for filing as a motion in this court would create problems. The Notice of Related Proceedings was filed only by the debtor and its docketing vouched for the debtor's counsel's signature only on that Notice, but it does not vouch for the signatures on the Joint Motion. Accordingly, the Joint Motion could not be treated as filed by Sims and the debtor. Indeed, William C. Cartinhour, Jr. advises that "Mr. Sims['] counsel has indicated that he [has] withdrawn his support for this motion in a formal pleading filed in the District Court for the Western District of Tennessee." See Dkt. No. 59 (Memorandum at 6 n.4).

3

ORDERED that the Motion for Sanctions Against Ty Clevenger, Esquire (Dkt. No. 60) is dismissed without prejudice.

[Signed and dated above.]

Copies to:

William Allen Wooten, Esq.
Jackson, Shields, Yeiser and Holt
262 German Oak Drive
Memphis, TN 38018
[Counsel for Douglas Sims]

Ty Clevenger, Esq.
Youngkin & Burns
PO Box 4806
Bryan, TX 77805
[Counsel for W.A.R. LLP]

Patrick J. Kearney, Esq.
Selzer Gurvitch Rabin Wertheimer Polott
Obecny & Strickland, PC
4416 East West Highway, Suite 400
Bethesda, Maryland 20814-4568
[Counsel for William C. Cartinhour, Jr.]

Russell W. Savory, Esq.
88 Union Avenue, 14th Floor
Memphis, TN 38103
[Counsel for William C. Cartinhour, Jr.]

Lynda Teems, Trustee
Law Office of Lynda Teems
40 South Main
Suite 2300
Memphis, TN 38103

Bryan S. Ross, Trustee
1800 K Street, NW
Suite 624
Washington, DC 20006

Madalyn Scott Greenwood, Esq.
Office of the United States Trustee for Region 8
200 Jefferson Avenue, Suite 400
Memphis, TN 38103

Office of the United States Trustee for Region 4
115 South Union St
Suite 210 Plaza Level
Alexandria, VA 22314