The order below is hereby signed.

Signed: June 23 2011



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| W.A.R. LLP, | ) | Case No. 11-00044 |
| | ) | (Chapter 7) |
| Debtor. | ) | Not for Publication in |
| | ) | West's Bankruptcy Reporter |

### AMENDED MEMORANDUM DECISION AND PRELIMINARY ORDER
### RE OBJECTIONS TO TRUSTEE'S REPORT OF NO DISTRIBUTION

This addresses the objections (Dkt. Nos. 103, 123, and 139) of the debtor, Ray Connolly, and Wade A. Robertson under Fed. R. Bankr. P. 5009(a) to the report of no distribution filed by the chapter 7 trustee for the estate of W.A.R. LLP, Bryan S. Ross. Those objections point to the debtor's schedules as demonstrating that the debtor has an interest in $630,000 that was placed in the registry of the United States District Court for the District of Columbia pursuant to orders entered in *Robertson v. Cartinhour*, Civil Action No. 09-01642, pending in that court. My preliminary views on the matter are as follows.

As discussed in this court's memorandum decision regarding

Ray Connolly's motion to hold William C. Cartinhour, Jr. and his attorneys in civil contempt, the only part of the $630,000 that might be property of the estate is $4,611.66 in funds that had been held in the debtor's Citibank account and that were deposited in the registry of the district court.  The rest of the funds had been Wade A. Robertson's (not the debtor's) pursuant to his having acquired ownership via the debtor making loans to him.

Accordingly, the issue is whether the trustee properly filed a report of no distribution even though $4,611.66 in funds might be property of the estate.  It is unclear whether the parties objecting to the trustee's report of no distribution wish to continue to pursue their objections if only $4,611.66 is at stake.[1]  Accordingly, they will be required to supplement their objections to indicate whether they do continue to object to the report even if only $4,611.66 of the funds placed in the registry of the district court are at stake, and to indicate their reasons for so objecting.

Before any distribution could be made to unsecured creditors from that $4,611.66, administrative claims would have to be paid, including:

---

[1] If they do not wish to pursue objections if only the $4,611.66 is at stake, I will overrule their objections, with their being free to pursue an appeal from the order overruling their objections to the extent they believe that this court erred in concluding that the funds placed in the registry of the district court, other than the $4,611.66, were not property of the estate.

- the trustee's reasonable compensation, capped by 11 U.S.C. § 326(a) at $1,152.92, but almost always awarded in the capped amount, which would leave only $3,458.74 to administer;
- reimbursement of actual and necessary expenses under 11 U.S.C. § 330(a)(1)(B) Ross would incur in administering the estate, including giving notice of a final report and proposed distribution; and
- any fees and expenses of any attorney or accountant employed to perform necessary legal or accounting services to assist Ross in carrying out his statutory duties.[2]

If I were to overrule the objection to the trustee's report of no distribution and were to close the case, that would effect an abandonment of the $4,611.66 under 11 U.S.C. § 554(c).  In effect, the trustee's report of no distribution is a motion to abandon whatever interest, if any, the estate has in the $4,611.66.  Accordingly, in reviewing the trustee's no asset report here, it is appropriate to apply case law regarding abandonment of assets.  Section 554(a) of the Bankruptcy Code allows a trustee, after notice and a hearing, to "abandon any property of the estate that is burdensome to the estate or that

---

[2] The court notes that an attorney entered an appearance on Ross's behalf (see Dkt. No. 106) but that Ross has not yet sought to obtain court authorization to employ that attorney.

3

is of inconsequential value and benefit to the estate." As observed in *In re Cult Awareness Network, Inc.*, 205 B.R. 575, 579 (Bankr. N.D. Ill. 1997):

> Pursuant to section 704 of the Bankruptcy Code, it is the Trustee's duty, inter alia, "to collect and reduce to money" all assets of the estate "as expeditiously as is compatible with the best interest of the parties in interest." 11 U.S.C. § 704.  The Trustee has substantial discretion to perform these duties. *E.g., Scherer v. Federal Nat'l Mortgage Assoc. (In re Terrace Chalet Apartments, Ltd.)*, 159 B.R. 821, 824 (N.D. Ill. 1993) (trustee has discretion regarding sale of assets).
>      This same discretion applies when the Trustee makes a determination that assets of the estate should be abandoned. *See, e.g., First National Bank v. Lasater*, 196 U.S. 115, 118–119, 25 S.Ct. 206, 208, 49 L.Ed. 408 (1905) ("trustees in bankruptcy are not bound to accept property of an onerous or unprofitable character...."); *Morgan v. K.C. Machine & Tool Co. (In re K.C. Machine & Tool Co.)*, 816 F.2d 238, 246 (6th Cir. 1987)); *In re Interpictures, Inc.*, 168 B.R. 526, 535 (Bankr. E.D.N.Y. 1994) ("courts have uniformly held that a trustee's power to abandon property is discretionary."); *Goger v. United States (In re Janmar, Inc.)*, 4 B.R. 4, 9 (Bankr. N.D. Ga. 1979) ("power of abandonment is in the nature of a 'trustee's power to pick and choose.' [citation omitted]").  Courts do not want to encourage a Trustee to keep burdensome or valueless property in an estate to increase the amount of fees paid to the Trustee and to the various administrative representatives of the Trustee.  *See K.C. Machine & Tool*, 816 F.2d at 246; *Interpictures*, 168 B.R. at 535.  The only per se restriction on a trustee's power to abandon is that the trustee may not abandon property of the estate if to do so would violate state or federal law. *See Midlantic Nat'l Bank v. New Jersey Department of Environmental Protection*, 474 U.S. 494, 501-02, 106 S.Ct. 755, 759-60, 88 L.Ed.2d 859 (1986).  The party seeking to make the trustee act or prevent him or her from acting has the burden to show an abuse of discretion. *Interpictures*, 168 B.R. at 535.
>      In reviewing the Trustee's decision to abandon property of the estate, the court must only examine that decision to ensure it reflects a business judgment made in good faith. *In re Fulton*, 162 B.R. 539, 540 (Bankr.

>W.D. Mo. 1993); *In re Wilson*, 94 B.R. 886, 888 (Bankr. E.D. Va. 1989). Such a decision must rest on a reasonable basis. *Fulton*, 162 B.R. at 540; *Wilson*, 94 B.R. at 888-89. The Trustee, therefore, need only demonstrate that he has exercised sound business judgment in making the determination to abandon.

As stated in *In re Slack*, 290 B.R. 282, 284 (Bankr. D.N.J. 2003):

> The party opposing the abandonment must show some likely benefit to the estate, not mere speculation about possible scenarios in which there might be a benefit to the estate. *In re Cult Awareness Network, Inc.*, 205 B.R. 575 at 579 (Bankr. N.D. Ill. 1997). The court only needs to find the trustee made: 1) a business judgment; 2) in good faith; 3) upon some reasonable basis; and 4) within the trustee's scope of authority. *In re Fulton*, 162 B.R. 539, 540 (Bankr. W.D. Mo. 1993). *See also*, Collier on Bankruptcy, 15th ed., rev. ¶ 554.02[4].

In light of the foregoing, it is

ORDERED that with respect to the objections to the trustee's Report of No Distribution (Dkt. Nos. 103, 123, and 139), if the debtor or Ray Connolly or Wade A. Robertson intends to continue to object to the trustee's Report of No Distribution even if only $4,611.66 of the funds that were placed in the registry of the United States District Court for the District of Columbia pursuant to orders entered in *Robertson v. Cartinhour*, Civil Action No. 09-01642, pending in that court, may be property of the estate, then:

>(1) by July 7, 2011, that party shall file a supplemental memorandum stating such intent to continue pressing its objection, and stating what grounds the party has for objecting to the trustee's Report of No

Distribution if only $4,611.66 may be property of the estate; and

(2) on July 12, 2011, at 9:30 a.m. the court will hold an evidentiary hearing to receive evidence and to hear the arguments of counsel regarding whether the party's objection to the trustee's Report of No Distribution should be sustained.

[Signed and dated above.]

Copies to: Recipients of e-notification;

Ray Connolly
c/o DIBA Group, Inc.
Attn: Byron Speight
135 W. 26th St.; 11th floor
New York, NY. 10010