The document below is hereby signed.

Signed: June 23, 2011



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| W.A.R. LLP, | ) | Case No. 11-00044 |
| | ) | (Chapter 7) |
| Debtor. | ) | Not for Publication in |
| | ) | West's Bankruptcy Reporter |

MEMORANDUM DECISION AND ORDER RE DEBTOR'S MOTION
TO SUPPLEMENT OBJECTION TO TRUSTEE'S REPORT OF NO DISTRIBUTION

The debtor has moved to supplement its objection to the trustee's report of no distribution. The debtor attempts to rehash the argument that the entirety of $630,000 held in the registry of the United States District Court for the District of Columbia pursuant to orders entered in *Robertson v. Cartinhour*, Civil Action No. 09-01642, pending in that court is property of the estate, and points to William C. Cartinhour, Jr.'s attorney having supplied information to the chapter 7 trustee that was inconsistent with that argument. This frivolous argument, raised repeatedly by the debtor and its comrades, and rejected in the memorandum decision denying Ray Connolly's motion to hold

Cartinhour and his attorneys in civil contempt, has become a dead horse beaten far too long.  As observed by Cartinhour's attorney:

> Debtor argues that Robertson had the right to make loans to himself from the Debtor under the partnership agreement.  Debtor does not dispute that those loans were made. Debtor merely argues without a single legal authority (other than the general proposition as to the breadth of Section 541) that property of the estate is created because the money in Robertson's personal account was traceable to those loans – which in turn are traceable to Cartinhour's investment in the Debtor.
> Debtor continues to conveniently ignore the fact that Robertson swapped the cash Cartinhour invested for unsecured Promissory Notes in 2006 and 2007 – more than three years before this Chapter 7 case was initiated.

Opposition (Dkt. No. 151) at 1-2.  Instead of owning the funds lent to Robertson, the debtor owns two promissory notes for a total of $3.405 million.  The debtor has not advanced any theory of law that would support its view that its unsecured claim against Robertson gives it an ownership interest in funds that had become Robertson's property.  Those funds were placed under the custody and control of the District Court specifically and solely for the benefit of William C. Cartinhour, Jr.'s equitable trust claim long before this involuntary case was initiated.

   The debtor remains free to press its objection to the final report insofar as it relates to the $4,611.66 of the funds placed in the registry of the District Court that had *not* become property of Robertson, but its continued objection regarding the balance of the funds in the registry of the District Court is meritless.  In accordance with the foregoing, it is

2

ORDERED that the debtor's Motion to Supplement for Good Cause Shown (Dkt. No. 146) is DENIED.

[Signed and dated above.]

Copies to: Recipients of e-notification;

Ray Connolly
c/o DIBA Group, Inc.
Attn: Byron Speight
135 W. 26th St.; 11th floor
New York, NY. 10010

3