The document below is hereby signed.

Signed: June 23, 2011



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| W.A.R. LLP, | ) | Case No. 11-00044 |
| | ) | (Chapter 7) |
| Debtor. | ) | Not for Publication in |
| | ) | West's Bankruptcy Reporter |

MEMORANDUM DECISION RE
<u>RAY CONNOLLY'S MOTION FOR RULE 2004 EXAMINATIONS</u>

Incident to his frivolous motion to find William C. Cartinhour, Jr. and his attorneys in civil contempt, Ray Connolly has filed another motion seeking to take the Rule 2004 examinations of Cartinhour, his attorneys, and the debtor's general partner, Wade A. Robertson, in order to delve into the events Connolly noted in addressing his contempt motion. The Rule 2004 motion,[1] like the contempt motion, rests on the unfounded proposition that funds the debtor transferred as a

---

[1] The Rule 2004 motion is titled Motion for an Order Pursuant to Federal Rule of Bankruptcy Procedure 2004 Directing Wade Robertson, William C. Cartinhour, Jr., Patrick Kearney, Michael Bramnick, and Robert Stanley Selzer to Each Appear Individually for a 2004 Examination (Dkt. No. 121).

lender to Robertson nevertheless remained the property of the debtor.  The District Court, obviously disagreeing with that proposition, found that Cartinhour, an elderly gentleman, was victimized by Robertson and entered a judgment against Robertson imposing an equitable trust in favor of Cartinhour against Robertson's funds that had been placed in the registry of the District Court.

As noted in *In re Duratech Industries, Inc.*, 241 B.R. 283, 289 (E.D.N.Y. 1999), "Rule 2004 examinations may not be used for the purposes of abuse or harassment.  *In re Mittco, Inc.*, 44 B.R. 35, 36 (Bankr. E.D. Wis.1984)); 9 Collier on Bankruptcy ¶ 2004.01 [1] (15th ed. 1996)."  *See also In re Martin*, 208 B.R. 807, 810-11 (N.D.N.Y. 1997) (denial of Rule 2004 motion for impermissible purpose of abuse and harassment), *aff'd*, 1998 WL 405966, at *3 (2d Cir. 1998) (unpublished disposition).  Put another way, "Rule 2004 examinations may not be used to annoy, embarrass or oppress the party being examined."  *In re Coffee Cupboard, Inc.*, 128 B.R. 509, 514 (Bankr. E.D.N.Y. 1991) (citing *In re Drexel Burnham Lambert Group, Inc.*, 123 B.R. 702, 712 (Bankr. S.D.N.Y. 1991)); *see also In re Strecker*, 251 B.R. 878, 883 (Bankr. D. Colo. 2000).  As in the case of his frivolous contempt motion, Connolly's Rule 2004 motion appears to be designed to annoy and oppress Cartinhour and his attorneys (with Robertson--who is Connolly's friend and who victimized

Cartinhour--being tossed in as another individual to be examined only in an apparent attempt to make it seem that Cartinhour and his attorneys are not being singled out).

The purported purpose advanced by Connolly for a Rule 2004 examination is ludicrous.  Connolly points to the delay in the filing of schedules of assets, executed by Robertson for the debtor, which listed $630,400.33 as personal property of the debtor, and stated that "[t]he Debtor has an equitable interest in $630,400.33 of cash presently held in the registry of the U.S. Dist. Ct., Dist. of Columbia . . . ."  Connolly then states:

> Rather than facilitating this case, Robertson's obfuscation and delay has resulted in a mess where the creditors now have to file objections to the discharge, move the trustee to investigate the debtor, and request a Rule 2004 examination.  Robertson's delay served only to harass the creditors in pursuing their claims in this case, and it looks suspiciously intentional. Whether Robertson's actions were intentional or collusively carried out with Cartinhour is something that should be explored fully at the Rule 2004 examination.

Omnibus Mem. (Dkt. No. 125) at 4.  As explained at length in the memorandum decision regarding Connolly's civil contempt motion, the debtor does *not* have $630,400.33 in cash assets.  The funds the debtor lent to Robertson ceased to be the debtor's upon being lent to Robertson, with the debtor becoming merely a creditor of Robertson's pursuant to promissory notes for repayment.  Aside from $4,611.66, all of the funds placed in the registry of the District Court were Robertson's.  Cartinhour and his attorneys consistently disclosed, in the District Court litigation with

3

Robertson and in this bankruptcy case, the $4,611.66 that might be considered property of the bankruptcy estate.  See, *e.g.*, Memorandum of Points and Authorities in Support of Motion to Withdraw the Reference (part of Dkt. No. 48 in this case) at 2-4. The bankruptcy trustee was well aware of the $630,400.33 in the registry of the District Court, and that $4,611.66 of the funds placed in the registry was the only part of those funds that might be property of the estate.

   There simply is nothing wrong to investigate.  The record in the District Court is an open book.  No good cause having been shown to take Rule 2004 examinations, Connolly's motion must be denied.  An order follows.

                              [Signed and dated above.]


Copies to: Recipients of e-notification;

Ray Connolly
c/o DIBA Group, Inc.
Attn: Byron Speight
135 W. 26th St.; 11th floor
New York, NY. 10010