The document below is hereby signed.

Dated: July 6, 2011.

_____
S. Martin Teel, Jr.
U.S. Bankruptcy Judge

```
                UNITED STATES BANKRUPTCY COURT
                 FOR THE DISTRICT OF COLUMBIA

In re                          )
                               )
W.A.R. LLP,                    )   Case No. 11-00044
                               )   (Chapter 7)
            Debtor.            )   Not for Publication in
                               )   West's Bankruptcy Reporter
```

MEMORANDUM DECISION AND ORDER DENYING RAY
CONNOLLY'S MOTION TO STAY ORDERS AND THE BANKRUPTCY
CASE PENDING THE APPEAL TO THE DISTRICT COURT AND REQUIRING
CONNOLLY TO APPEAR IN PERSON AT THE HEARING ON HIS OBJECTION
TO THE TRUSTEE'S REPORT OF NO DISTRIBUTION AND TO SHOW
<u>CAUSE WHY RULE 9011 SANCTIONS OUGHT NOT BE IMPOSED AGAINST HIM</u>

Ray Connolly has filed a motion seeking a stay of the court's recent orders and of further proceedings in this case pending the outcome of his pending appeals to the district court. The motion will be denied.

Connolly's appeal of orders disposing of certain contested matters in this case did not divest this court of jurisdiction to dispose of the remaining separate and distinct contested matter in this case, namely, the objections to the trustee's report of no distribution. The objections to the trustee's report include an assertion regarding the estate's ownership of funds that this court rejected in denying Connolly's motion for sanctions. That

the court will also reject that assertion in ruling on the objections to the trustee's report will not alter the court's prior rulings that are the subject of Connolly's appeal: indeed, it will treat those rulings as in place unless and until reversed on appeal.

Connolly asserts that there are practical reasons to delay acting on the objections to the trustee's report of no distribution, and that a stay is appropriate and necessary under 11 U.S.C. § 105.  Unless there is a basis for disapproving the report of no distribution, the trustee is entitled to have an order entered approving the report and discharging the trustee.  (Whether such an order itself should be stayed pending appeal is a different issue, which it is premature to address.)  Moreover, the pending appeals could be decided on grounds that do not reach the question of the estate's ownership of the funds, in which case approval of the trustee's report could be necessary for the issue to be reviewed by way of an appeal.  Judicial efficiency warrants deciding the final report issue now instead of subjecting the parties to unnecessary delay.  There are no practical reasons to stay the hearing on the trustee's final report, and it is neither necessary nor appropriate to stay the hearing pursuant to 11 U.S.C. § 105.

Finally, a stay pending appeal is not warranted under Fed. R. Bankr. P. 8005.  There is no likelihood of success on the

merits of the appeal.  The assertion that the funds at issue in the appeal were the debtor's is frivolous.  As I have noted repeatedly, when the debtor lent the funds to Robertson in exchange for promissory notes, the funds became his property, and ceased to be the debtor's.  Connolly's continued pursuit of that frivolous assertion may warrant the imposition of sanctions under Fed. R. Bankr. P. 9011, and the court will thus require Connolly to appear in person at the hearing to show cause why the continued prosecution of that frivolous assertion does not warrant the imposition of Rule 9011 sanctions.

Connolly does not appear to be an attorney, and his filings may have been prepared by someone else.  The court will require Connolly to appear in person at the hearing for the additional reason to permit inquiry into who (if anyone) assisted Connolly in preparing his filings so that the preparer can be identified for purposes of considering imposing sanctions against the preparer.

In accordance with the foregoing, it is

ORDERED that Ray Connolly's Motion to Stay Orders and the Bankruptcy Case Pending the Appeal to the District Court (Dkt. No. 191) is DENIED.  It is further

ORDERED that Connolly must appear in person at the hearing on July 12, 2011, at 9:30 a.m., to show cause why Rule 9011 sanctions ought not be imposed against him for pressing the

frivolous argument that the bulk of the funds in the registry of the district court were property of the debtor's estate, and to permit inquiry into who, if anyone, assisted him in preparing the papers he has filed.

[Signed and dated above.]

Copies to: Recipients of e-notification;

Ray Connolly
c/o DIBA Group, Inc.
Attn: Byron Speight
135 W. 26th St.; 11th floor
New York, NY. 10010

4