IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: | : |
| | : |
| W.A.R., LLP | : Case No. 11-0044 |
| | : (Chapter 7) |
| **Debtor** | : |

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF WILLIAM C. CARTINHOUR, JR.'S MOTION TO STRIKE ALL PLEADINGS FILED BY RAY CONNOLLY AND FOR SANCTIONS FOR ABUSE OF THE COURT PROCESS

Ray Connolly (hereinafter "Connolly") has filed a proof of claim and numerous pleadings in this case all based upon the single premise that he, personally, is a creditor of W.A.R., LLP which, in fact is asserted in bad faith and without factual basis.

As the Court will recall, a proof of claim (Claim No. 1) was initially filed by Connolly on behalf of DIBA Group, Inc. ("DIBA"). DIBA also sought to adjourn the First Meeting of Creditors. The Court struck that request on the grounds that Connolly was not a member of the bar. Connolly quickly changed his claim on April 14, 2011 from that of DIBA to his personal claim for services rendered prior to and through March 2010. Connolly, however, has no such claim.

Connolly filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code on September 8, 2010, in the United States Bankruptcy Court for the Southern District of New York, Case No. 10-14769. A copy of the Docket for that voluntary case is attached hereto as Exhibit A. A copy of the Voluntary Petition is attached hereto as Exhibit B. A copy of the Bankruptcy Schedules is attached as Exhibit C. A copy of his Statement of Financial Affairs is attached hereto as Exhibit D.

Schedule B lists that Connolly owns 100% of the Stock of DIBA. He values that stock at $0.00. Connolly states under oath in Paragraph 18 of the Statement of Financial Affairs that

DIBA has its own Taxpayer ID, that it ceased doing business in April 2010 and that the address for DIBA is his home address of 280 1st Ave., Apt 8B, New York, New York, 10009.[1]  Connolly does not list as an asset money owed to him by W.A.R., LLP.  Nor does he list any value in DIBA for an uncollected receivable.

Since the claim which Connolly alleges, is a claim which pre-dates his voluntary Chapter 7 proceeding, it cannot be his claim.  It is black letter law that when a debtor who fails to schedule an asset, that asset is not abandoned but remains property of the Estate and the debtor is unable to exercise dominion and control over that asset.

> Generally speaking, a pre-petition cause of action is the property of the Chapter 7 bankruptcy estate, and only the trustee in bankruptcy has standing to pursue it." *Parker v. Wendy's International, Inc.,* 365 F.3d 1268, 1272 (11th Cir.2004). The property remains in the estate until is has been either administered or abandoned by the trustee pursuant to 11 U.S.C. § 554. *Id.* "Failure to list an interest on a bankruptcy schedule leaves that interest in the bankruptcy estate." *Id.* (citations omitted).

*In re Phelps*, 329 B.R. 904, 906 (Bankr. M.D. Ga. 2005).  This is the controlling law in the jurisdiction where Connolly filed his Voluntary Petition.  Wrote the United States Court of Appeals for the Second Circuit:

> Given the wide scope of § 541, the debtor's obligation to disclose all his interests at the commencement of a case is equally broad. See 11 U.S.C. § 521(a)(1)(B)(i), (iii) (requiring debtor to "file ... a schedule of assets and liabilities ... and a statement of the debtor's financial affairs"). Because full disclosure by debtors is essential to the proper functioning of the bankruptcy system, the Bankruptcy Code severely penalizes debtors who fail to disclose assets: While properly scheduled estate property that has not been administered by the trustee normally returns to the debtor when the bankruptcy court closes the case, undisclosed assets automatically remain property of the estate after the case is closed. See 11 U.S.C. § 554(c), (d); Collier, supra, ¶ 554.03. "**A debtor may not conceal assets and then, upon termination of the bankruptcy case,**

---

[1] This is not the address which Connolly lists for himself in this case and the Court should note the returned mail for that address which appears on the docket.

2

**utilize the assets for [his] own benefit.**" *Kunica v. St. Jean Fin., Inc.*, 233 B.R. 46, 53 (S.D.N.Y.1999).

*Chartschlaa v. Nationwide Mutual Ins. Co.*, 538 F.3d 116, 122 (2nd Cir. 2008)(emphasis added). Thus, Connolly has no standing to assert that he is a creditor of W.A.R., LLP.  Only the Chapter 7 trustee for Connolly's estate has that standing if he has a valid personal claim.

Connolly's incessant, overbearing, and frivolous activity as a shill for Robertson in this case is appalling.  By his own statements under oath in his bankruptcy schedules, he has established that he has no right to be in this Court as a creditor of W.A.R., LLP yet he has filed frivolous motion after frivolous motion – most likely ghost written.

This Court recently addressed its inherent powers:

> It is well-established "that certain implied powers must necessarily result to our Courts of justice from the nature of their institution, powers which cannot be dispensed with in a Court, because they are necessary to the exercise of all others." *Chambers v. NASCO, Inc.,* 501 U.S. 32, 43 (1991) (internal quotations and citations omitted). These inherent powers are "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R. Co.,* 370 U.S. 626, 630–31 (1962). Included among these inherent powers is the power to assess attorney's fees against a party who has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 258–59 (1975). Importantly, however, this power, "must be exercised with restraint and discretion." *Roadway Express Inc. v. Piper,* 447 U.S. 752, 764 (1980). The Supreme Court in *Chambers v. NASCO, Inc.,* 501 U.S. 32 (1991), set forth two such restraints. First, a court "must find some connection between the sanctioned conduct and a process of the court in the litigation before it." *Alexander v. F.B.I.,* 541 F.Supp.2d 274, 303 (D.D . C.2008). Second, a court "must make an explicit finding that [the target of the sanctions] acted in bad faith." *Id.* (internal quotations omitted) (alterations in original).

*Virginia Hospital Center – Arlington Health Systems v. Zakl (In re Zakl)*, 2011 WL 2413680 (Bankr. D.D.C. June 15, 2011), a copy of which is attached hereto as Exhibit E.

3

Connolly has filed numerous frivolous motions before this Court making the Court and Cartinhour expend resources that could best be expended elsewhere. Connolly never had standing to come before this Court. His sanctionable actions, therefore, have interfered with the administration of this Estate and the orderly use of judicial resources. Further, Connolly's actions reek of bad faith. He posits arguments which are nonsense for one single goal – to interfere with a judgment by Cartinhour, a non-debtor, against Robertson, a non-debtor. He perverts the Court system for Robertson without any right to be here and without any argument that is well grounded in law or fact.

Accordingly, the Court should strike Connolly's proof of claim and his pleadings and sanction him for his bad faith conduct.

Respectfully submitted,

*/s/ Patrick J. Kearney*
Patrick J. Kearney, Esquire, Bar No. 382290
Selzer Gurvitch Rabin Wertheimer Polott
 & Obecny, PC
4416 East West Highway, Suite 400
Bethesda, Maryland 20814-4568
(301) 986-9600
Email: Pkearney@sgrwlaw.com

*Attorneys for William C. Cartinhour, Jr.*