**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| **W.A.R., LLP** | : | **Case No. 11-0044** |
| | : | **(Chapter 7)** |
| **Debtor** | : | |

## WILLIAM C. CARTINHOUR, JR.'S MOTION TO STRIKE RAY CONNOLLY'S PLEADINGS AND FOR SANCTIONS

William C. Cartinhour, Jr., by counsel, moves the Court to strike Ray Connolly's pleadings filed in this Chapter 7 proceeding and for sanctions pursuant to the Court's inherent power, and in support thereof offers the attached Memorandum of Points and Authorities, which is incorporated herein by reference.

WHEREFORE, William C. Cartinhour, Jr. requests the Court:

A.    Strike all of Ray Connolly's Pleadings;

B.    Sanction Ray Connolly, aka Raymond J. Connolly, Jr. pursuant to the Court's inherent power; and

C.    Grant such other and further relief as is just and proper.

Respectfully submitted,

_____*/s/ Patrick J. Kearney*_____
Patrick J. Kearney, Esquire, Bar No. 382290
Selzer Gurvitch Rabin Wertheimer Polott &
  Obecny, P.C.
4416 East West Highway, Suite 400
Bethesda, Maryland 20814-4568
(301) 986-9600
Email:  Pkearney@sgrwlaw.com

*Attorneys for William C. Cartinhour, Jr.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing pleading has been served this 8th day of July 2011 upon:

Via First Class Mail, postage pre-paid:

William Wooten, Esquire
262 German Oak Drive
Cordova, TN   38018

Ray Connolly
DIBA Group, Inc. c/o Byron Speight
135 W 26th Street, 11th Floor
New York, NY 10010

Raymond J. Connolly, Jr.
280 First Ave. No. 8B
New York, NY 10009

Joseph A. Guzinski, Assistant United States Trustee
115 South Union Street, Plaza Level
Suite 210
Alexandria, VA 22314

By ECF:

Ty Clevenger, Esquire
P.O. Box 4806
Bryan, TX  77805

Jeffrey M. Sherman, Esquire
Jackson & Campbell
1120 20th St., NW, Suite 300 South
Washington, DC 20036

Wade A. Robertson
191 E. Parkway S.
Memphis, TN 38104


　　　　　　　　_____/s/ Patrick J. Kearney_____
Patrick J. Kearney

2

# EXHIBIT A

**CLOSED**

# U.S. Bankruptcy Court
## Southern District of New York (Manhattan)
## Bankruptcy Petition #: 10-14769-smb

*Assigned to:* Judge Stuart M.
Bernstein
Chapter 7
Voluntary
No asset

*Date filed:* 09/08/2010
*Date terminated:* 01/11/2011
*Debtor discharged:* 01/06/2011

*Debtor disposition:* Standard
Discharge

| | |
|---|---|
| **Debtor**<br>**Raymond J. Connolly, Jr.**<br>280 1st Ave., #8B<br>New York, NY 10009<br>SSN / ITIN: xxx-xx-6691 | represented **Dan Shaked**<br>by Shaked & Posner<br>255 W. 36th Street<br>8th Floor<br>New York, NY 10018<br>(212) 494-0035<br>Fax : 646-367-4951<br>Email:<br>dan@shakedandposner.com |

**Trustee**
**John S. Pereira**
Chrysler Building
405 Lexington Avenue, 7th Floor
New York, NY 10174
(212) 758-5777

**U.S. Trustee**
**United States Trustee**

33 Whitehall Street
21st Floor
New York, NY 10004
(212) 510-0500

| Filing Date | # | Docket Text |
|---|---|---|
| 01/06/2011 | 7 | Request for Order of Discharge and Order of Final Decree (Chou, Rosalyn). (Entered: 01/06/2011) |
| 01/08/2011 | 8 | Order of Discharge and Order of Final Decree with Certificate of Mailing. (related document(s) (Related Doc # 7 )) . Service Date 01/08/2011. (Admin.) (Entered: 01/09/2011) |
| 01/11/2011 | | Case Closed. (Chou, Rosalyn). (Entered: 01/11/2011) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 07/08/2011 07:11:13 | | | |
| PACER Login: | pk0235 | Client Code: | 3035-2 |
| Description: | Docket Report | Search Criteria: | 10-14769-smb Fil or Ent: filed From: 1/1/2011 To: 7/8/2011 Doc From: 0 Doc To: 99999999 Format: html |
| Billable | | | |

| Pages: | 1 | Cost: | 0.08 |
|--------|---|-------|------|

# EXHIBIT B

B1 (Official Form 1) (4/10)

| United States Bankruptcy Court SOUTHERN DISTRICT OF NEW YORK | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle): CONNOLLY, RAYMOND J. , JR | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years (include married, maiden, and trade names): None | All Other Names used by the Joint Debtor in the last 8 years (include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all):  6691 | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State) 280 1ST AVE #8B NEW YORK, NY                                              ZIPCODE 10009 | Street Address of Joint Debtor (No. and Street, City, and State)                    ZIPCODE |
| County of Residence or of the Principal Place of Business: New York | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):                    ZIPCODE | Mailing Address of Joint Debtor (if different from street address):                    ZIPCODE |
| Location of Principal Assets of Business Debtor (if different from street address above):                    ZIPCODE | |

| Type of Debtor (Form of Organization) (Check one box) | Nature of Business (Check one box) | Chapter of Bankruptcy Code Under Which the Petition is Filed (Check one box) |
|---|---|---|
| ☑ Individual (includes Joint Debtors) See Exhibit D on page 2 of this form. <br> ☐ Corporation (includes LLC and LLP) <br> ☐ Partnership <br> ☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.) | ☐ Health Care Business <br> ☐ Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B) <br> ☐ Railroad <br> ☐ Stockbroker <br> ☐ Commodity Broker <br> ☐ Clearing Bank <br> ☐ Other | ☑ Chapter 7          ☐ Chapter 15 Petition for <br> ☐ Chapter 9          Recognition of a Foreign <br> ☐ Chapter 11         Main Proceeding <br> ☐ Chapter 12         ☐ Chapter 15 Petition for <br> ☐ Chapter 13         Recognition of a Foreign <br>                      Nonmain Proceeding |
| | Tax-Exempt Entity (Check box, if applicable) <br> ☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code) | Nature of Debts (Check one box) <br> ☑ Debts are primarily consumer debts, defined in 11 U.S.C. §101(8) as "incurred by an individual primarily for a personal, family, or household purpose."     ☐ Debts are primarily business debts |

| Filing Fee (Check one box) | Chapter 11 Debtors |
|---|---|
| ☑ Full Filing Fee attached <br><br> ☐ Filing Fee to be paid in installments (Applicable to individuals only)  Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form No. 3A. <br><br> ☐ Filing Fee waiver requested (applicable to chapter 7 individuals only).  Must attach signed application for the court's consideration. See Official Form 3B. | Check one box: <br> ☐ Debtor is a small business as defined in 11 U.S.C. § 101(51D) <br> ☐ Debtor is not a small business as defined in 11 U.S.C. § 101(51D) <br> Check if: <br> ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,343,300 (amount subject to adjustment on 4/01/13 and every three years thereafter). <br> Check all applicable boxes <br> ☐ A plan is being filed with this petition. <br> ☐ Acceptances of the plan were solicited prepetition from one or more classes, in accordance with 11 U.S.C. § 1126(b). |

| Statistical/Administrative Information | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| ☐ Debtor estimates that funds will be available for distribution to unsecured creditors. <br> ☑ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | |

Estimated Number of Creditors

| ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |

Estimated Assets

| ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $500 million | $100,000,001 to $1 billion | $500,000,001 to $1 billion | More than $1 billion |

Estimated Liabilities

| ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

Bankruptcy2010 ©1991-2010, New Hope Software, Inc., ver. 4.5.4-749 - 30959 - Acrobat PDFWriter

**B1 (Official Form 1) (4/10)**                                                                        Page 2

| **Voluntary Petition**<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>RAYMOND J CONNOLLY, JR |
|---|---|

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet) | | |
|---|---|---|
| Location<br>Where Filed:   NONE | Case Number: | Date Filed: |
| Location<br>Where Filed:   N.A. | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor** (If more than one, attach additional sheet) | | |
|---|---|---|
| Name of Debtor:   NONE | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A**<br><br>(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11)<br><br>☐   Exhibit A is attached and made a part of this petition. | **Exhibit B**<br>(To be completed if debtor is an individual<br>whose debts are primarily consumer debts)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. § 342(b).<br><br>X   /s/ Dan Shaked _____   September 1, 2010<br>      Signature of Attorney for Debtor(s)            Date |
|---|---|

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐   Yes, and Exhibit C is attached and made a part of this petition.

☑   No

**Exhibit D**

(To be completed by every individual debtor.  If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☑   Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐   Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box)

☑   Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐   There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐   Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United Sates in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes)

☐   Landlord has a judgment for possession of debtor's residence.  (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐   Debtor claims that under applicable non bankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐   Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐   Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(1)).

Bankruptcy2010 ©1991-2010, New Hope Software, Inc., ver. 4.5.4-749 - 30939 - Acrobat PDFWriter

| B1 (Official Form 1) (4/10) | Page 3 |
|---|---|

| **Voluntary Petition** *(This page must be completed and filed in every case)* | Name of Debtor(s): RAYMOND J CONNOLLY, JR |
|---|---|

| **Signatures** | |
|---|---|

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

**X** /s/ RAYMOND J CONNOLLY, JR
Signature of Debtor

**X**
Signature of Joint Debtor

Telephone Number (If not represented by attorney)

September 1, 2010
Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only **one** box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by § 1515 of title 11 are attached.

☐ Pursuant to 11 U.S.C.§ 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

**X**
(Signature of Foreign Representative)

(Printed Name of Foreign Representative)

(Date)

### Signature of Attorney*

**X** /s/ Dan Shaked
Signature of Attorney for Debtor(s)

DAN SHAKED DS-3331
Printed Name of Attorney for Debtor(s)

Shaked & Posner
Firm Name

255 W. 36th Street
Address

New York, NY 10018

212-494-0035
Telephone Number

September 1, 2010
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Non-Attorney Petition Preparer

I declare under penalty of perjury that: 1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, 2) I prepared this document for compensation, and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. § 110(b), 110(h), and 342(b); and, 3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110 setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

Printed Name and title, if any, of Bankruptcy Petition Preparer

Social Security Number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

Address

**X**

Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social Security number is provided above.

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. §110; 18 U.S.C. §156.*

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

**X**
Signature of Authorized Individual

Printed Name of Authorized Individual

Title of Authorized Individual

Date

Bankruptcy2010 ©1991-2010, New Hope Software, Inc., ver. 4.5.4-749 - 39939 - Acrobat PDFWriter

B1 D (Official Form 1, Exhibit D ) (12/09)

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

In re   RAYMOND J CONNOLLY, JR             Case No. _____

          Debtor(s)                            (if known)

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☑ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

Bankruptcy2010 ©1991-2010, New Hope Software, Inc., ver. 4.5-4.749 - 30939 - Acrobat PDFWriter

B1 D (Official Form 1, Exh. D) (12/09) – Cont.                                      Page 2

◻ 3.  I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now.  *[Summarize exigent circumstances here.]*

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency.  Failure to fulfill these requirements may result in dismissal of your case.  Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

◻ 4.  I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*
◻ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);
◻ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);
◻ Active military duty in a military combat zone.

◻ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor: _____ /s/ RAYMOND J CONNOLLY, JR _____
                             RAYMOND J CONNOLLY, JR

Date: _____ September 1, 2010 _____

# EXHIBIT C

**B6 Cover (Form 6 Cover) (12/07)**

# FORM 6. SCHEDULES

Summary of Schedules
Statistical Summary of Certain Liabilities and Related Data (28 U.S.C. § 159)

Schedule A - Real Property
Schedule B - Personal Property
Schedule C - Property Claimed as Exempt
Schedule D - Creditors Holding Secured Claims
Schedule E - Creditors Holding Unsecured Priority Claims
Schedule F - Creditors Holding Unsecured Nonpriority Claims
Schedule G - Executory Contracts and Unexpired Leases
Schedule H - Codebtors
Schedule I - Current Income of Individual Debtor(s)
Schedule J - Current Expenditures of Individual Debtor(s)

Unsworn Declaration under Penalty of Perjury

GENERAL INSTRUCTIONS: The first page of the debtor's schedules and the first page of any
amendments thereto must contain a caption as in Form 16B. Subsequent pages should be
identified with the debtor's name and case number. If the schedules are filed with the petition,
the case number should be left blank

Schedules D, E, and F have been designed for the listing of each claim only once. Even when a
claim is secured only in part or entitled to priority only in part, it still should be listed only once.
A claim which is secured in whole or it part should be listed on Schedule D only, and a claim
which is entitled to priority in whole or in part should be listed on Schedule E only. Do not list
the same claim twice. If a creditor has more than one claim, such as claims arising from separate
transactions, each claim should be scheduled separately.

Review the specific instructions for each schedule before completing the schedule.

Bankruptcy2010 ©1991-2010, New Hope Software, Inc., ver. 4.5.4-749 - 30939 - Acrobat PDFWriter

B6A (Official Form 6A) (12/07)

In re  RAYMOND J CONNOLLY, JR _____        Case No. _____
                        **Debtor**                                                    **(If known)**

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a co-tenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C – Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| None | | | | |
| | | Total | 0.00 | |

(Report also on Summary of Schedules.)

Bankruptcy2010 ©1991-2010, New Hope Software, Inc., ver. 4.5.4-749 - 30939 - Acrobat PDFWriter

B6B (Official Form 6B) (12/07)

In re  RAYMOND J CONNOLLY, JR                                    Case No. _____
           **Debtor**                                                              **(If known)**

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See. 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1.   Cash on hand. | | Cash on Hand | | 40.00 |
| 2.   Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | X | | | |
| 3.   Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4.   Household goods and furnishings, including audio, video, and computer equipment. | | Personal items & effects | | 2,500.00 |
| 5.   Books. Pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6.   Wearing apparel. | | Clothing | | 1,000.00 |
| 7.   Furs and jewelry. | X | | | |
| 8.   Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9.   Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | | The Diba Group, Inc. | | 0.00 |

Bankruptcy2010 ©1991-2010, New Hope Software, Inc., ver. 4.5.4-749 - 30099 - Acrobat PDFWriter

B6B (Official Form 6B) (12/07) -- Cont.

In re   __RAYMOND J CONNOLLY, JR_____      Case No. _____
                **Debtor**                                                 **(If known)**

# SCHEDULE B - PERSONAL PROPERTY
## (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlement to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owing debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate or a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights of setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. §101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |

Bankruptcy2010 ©1991-2010, New Hope Software, Inc., ver. 4.5.4-749 - 30939 - Acrobat PDFWriter

B6B (Official Form 6B) (12/07) -- Cont.

In re   RAYMOND J CONNOLLY, JR                          Case No. _____
                    **Debtor**                                        **(If known)**

# SCHEDULE B - PERSONAL PROPERTY
## (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 32.  Crops - growing or harvested.  Give particulars. | X | | | |
| 33.  Farming equipment and implements. | X | | | |
| 34.  Farm supplies, chemicals, and feed. | X | | | |
| 35.  Other personal property of any kind not already listed. Itemize. | X | | | |
| | | ___0___ continuation sheets attached   Total | | $   3,540.00 |

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules.)

Bankruptcy2010 ©1991-2010, New Hope Software, Inc., ver. 4.5.4-749 - 30539 - Acrobat PDFWriter

B6C (Official Form 6C)  (04/10)

In re  RAYMOND J CONNOLLY, JR                           Case No. _____
              **Debtor**                                                    **(If known)**

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:
(Check one box)

☐  11 U.S.C. § 522(b)(2)                    ☐  Check if debtor claims a homestead exemption that exceeds
☑  11 U.S.C. § 522(b)(3)                         $146,450*.

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| Cash on Hand | NY Debt & Cred Law § 283 | 40.00 | 40.00 |
| Personal items & effects | NY Civ Prac Law & Rules § 5205(a)( | 2,500.00 | 2,500.00 |
| Clothing | NY Civ Prac Law & Rules § 5205(a)( | 1,000.00 | 1,000.00 |

*Amount subject to adjustment on 4/1/13 and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

Bankruptcy2010 ©1991-2010, New Hope Software, Inc., ver. 4.5.4-749 - 30939 - Acrobat PDFWriter

B6D (Official Form 6D) (12/07)

In re    RAYMOND J CONNOLLY, JR                        ,           Case No. _____
                    **Debtor**                                                (If known)

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

[✓] Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See Instructions Above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. | | | | | | | | |
| | | | VALUE $ | | | | | |
| ACCOUNT NO. | | | | | | | | |
| | | | VALUE $ | | | | | |
| ACCOUNT NO. | | | | | | | | |
| | | | VALUE $ | | | | | |

__0__ continuation sheets attached

|  | Subtotal ▶ (Total of this page) | $    0.00 | $    0.00 |
|---|---|---|---|
|  | Total ▶ (Use only on last page) | $    0.00 | $    0.00 |
|  |  | (Report also on Summary of Schedules) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.) |

Bankruptcy2010 ©1991-2010, New Hope Software, Inc., ver. 4.5.4-749 - 30939 - Acrobat PDFWriter

**B6E (Official Form 6E) (04/10)**

In re  RAYMOND J CONNOLLY, JR                                    ,      Case No._____
            Debtor                                                                        (if known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112 and Fed.R.Bankr.P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether husband, wife, both of them or the marital community may be liable on each claim by placing an "H,""W,""J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐  Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

## TYPES OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐  **Domestic Support Obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐  **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐  **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐  **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

*Amount subject to adjustment on 4/1/13 and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

Bankruptcy2010 ©1991-2010, New Hope Software, Inc., ver. 4.5.4-749 - 30939 - Acrobat PDFWriter

B6E (Official Form 6E) (04/10) - Cont.

In re   RAYMOND J CONNOLLY, JR                              ,        Case No._____
                     Debtor                                                    (if known)

☐   **Certain farmers and fishermen**

   Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐   **Deposits by individuals**

   Claims of individuals up to $2,600* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided.  11 U.S.C. § 507(a)(7).

☑   **Taxes and Certain Other Debts Owed to Governmental Units**

   Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐   **Commitments to Maintain the Capital of an Insured Depository Institution**

   Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution.  11 U.S.C. § 507 (a)(9).

☐   **Claims for Death or Personal Injury While Debtor Was Intoxicated**

   Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

   * Amounts are subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

_____1_____   **continuation sheets attached**

Bankruptcy2010 ©1991-2010, New Hope Software, Inc., ver. 4.5.4-749 - 30939 - Acrobat PDFWriter

B6E (Official Form 6E) (04/10) - Cont.

In re  RAYMOND J CONNOLLY, JR _____ ,          Case No. _____
                      **Debtor**                                              **(If known)**

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

### (Continuation Sheet)   Sec. 507(a)(8)

**Type of Priority for Claims Listed on This Sheet**

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above..)* | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  L-034307334-6 <br><br> NYS DEPT OF TAX & FINANCE <br> BANKRUPTCY SECTION <br> PO BOX 5300 <br> ALBANY NY 12205-0300 | | | Incurred: 2009 <br> Consideration: <br> Federal Income Tax | | | | 1,810.00 | 1,810.00 | 0.00 |
| ACCOUNT NO. | | | | | | | | | |
| ACCOUNT NO. | | | | | | | | | |
| ACCOUNT NO. | | | | | | | | | |

Sheet no. _1_ of _1_ continuation sheets attached to Schedule of Creditors Holding Priority Claims

| | | |
|---|---|---|
| Subtotal (Totals of this page) | $ 1,810.00 | $ | $ |
| Total (Use only on last page of the completed Schedule E.) Report also on the Summary of Schedules) | $ 1,810.00 | | |
| Totals (Use only on last page of the completed Schedule E. If applicable, report also on the Statistical Summary of Certain Liabilities and Related Data.) | $ | $ 1,810.00 | $ 0.00 |

Bankruptcy2010 ©1991-2010, New Hope Software, Inc., ver. 4.5.4-749 - 30939 - Acrobat PDFWriter

B6F (Official Form 6F) (12/07)

In re   RAYMOND J CONNOLLY, JR_____,        Case No. _____
             **Debtor**                                                **(If known)**

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  5584 1897 0293 6877 <br><br> ADVANTA BANK CORP <br> PO BOX 8088 <br> PHILADELPHIA PA 19101-8088 | X | | Incurred: 2003-2009 <br> Consideration: Credit card debt | | | | 13,906.00 |
| ACCOUNT NO.  6-42002 <br><br> AMERICAN EXPRESS <br> PO BOX 1270 <br> NEWARK NJ 07101-1270 | | | Incurred: 2003-2009 <br> Consideration: Credit card debt | | | | 649.00 |
| ACCOUNT NO. <br><br> ASSOCIATED CREDIT SERVICES <br> PO BOX 9100 <br> HOPKINTON MA 01748 | | | Consideration: Collection agent | | | | Notice Only |
| ACCOUNT NO.  4266 9020 2984 6514 <br><br> CHASE CARD SERVICES <br> PO BOX 15153 <br> WILMINGTON DE 19886-5153 | | | Incurred: 2004-2009 <br> Consideration: Credit card debt | | | | 7,555.00 |

___4___ continuation sheets attached

                    Subtotal ➤ $     22,110.00

                      Total ➤ $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2010 ©1991-2010, New Hope Software, Inc., ver. 4.5.4-749 - 30959 - Acrobat PDFWriter

B6F (Official Form 6F) (12/07) - Cont.

In re   RAYMOND J CONNOLLY, JR                    ,        Case No. _____
                        **Debtor**                                                    **(If known)**

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT ORCOMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  4266 8411 5824 6999<br><br>CHASE CARD SERVICES<br>PO BOX 15153<br>WILMINGTON DE 19886-5153 | | | Incurred: 2004-2009<br>Consideration: Credit card debt | | | | 6,429.00 |
| ACCOUNT NO.  5424 1801 9179 4392<br><br>CITI CARDS<br>PO BOX 182564<br>COLUMBUS OH 43218-2564 | | | Incurred: 2003-2009<br>Consideration: Credit card debt | | | | 17,978.00 |
| ACCOUNT NO.<br><br>CITIBANK CHECKING PLUS<br>US SERVICE CENTER<br>PO BOX 769013<br>SAN ANTONIO TX 78245-9013 | | | Consideration: Personal loan | | | | Notice Only |
| ACCOUNT NO.  18665326<br><br>CITIBANK NA<br>PO BOX 688922<br>DES MOINES IA 50368-8922 | | | Incurred: 2006-2009<br>Consideration: Checking Plus | | | | 1,521.00 |
| ACCOUNT NO.<br><br>CLIENT SERVICES INC<br>3451 HARRY S TRUMAN BLVD<br>ST CHARLES MO 63301 | | | Consideration: Collection agent | | | | Notice Only |

Sheet no.  1  of  4  continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal ►   $      25,928.00

Total ►   $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (12/07) - Cont.

In re   RAYMOND J CONNOLLY, JR_____,        Case No. _____
              **Debtor**                                              **(If known)**

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT ORCOMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  5903<br><br>DISCOVER<br>PO BOX 71084<br>CHARLOTTE NC 28272-1084 | | | Incurred: 2006-2009<br>Consideration: Credit card debt | | | | 2,592.00 |
| ACCOUNT NO.  4988 8200 0328 1713<br><br>FIRST EQUITY CARD<br>PO BOX 23029<br>COLUMBUS GA 31902-3029 | X | | Incurred: 2007-2008<br>Consideration: Credit card debt | | | | 8,004.00 |
| ACCOUNT NO.<br><br>JPMORGAN CHASE LEGAL DEPT<br>1985 MARCUS AVE NY2-M352<br>NEW HYDE PARK NY 11042 | | | Consideration: Collection agent | | | | Notice Only |
| ACCOUNT NO.<br><br>NCO FINANCIAL SYSTEMS<br>507 PRUDENTIAL ROAD<br>HORSHAM PA 19044 | | | Consideration: Collection agent | | | | Notice Only |
| ACCOUNT NO.<br><br>NCO FINANCIAL SYSTEMS<br>PO BOX 12102<br>TRENTON NJ 08650-2102 | | | Consideration: Collection agent | | | | Notice Only |

Sheet no. __2__ of __4__ continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal ➤  | $  10,596.00

Total ➤  | $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2010 ©1991-2010, New Hope Software, Inc., ver. 4.5.4-749 - 30939 - Acrobat PDFWriter

B6F (Official Form 6F) (12/07) - Cont.

In re   RAYMOND J CONNOLLY, JR                    ,          Case No. _____
                    **Debtor**                                                      **(If known)**

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>NCO FINANCIAL SYSTEMS<br>PO BOX 15889<br>WILMINGTON DE 19850-5889 | | | Consideration: Collection agent | | | | Notice Only |
| ACCOUNT NO.<br><br>NYS ASSESSMENT<br>RECEIVABLES<br>PO BOX 4127<br>BINGHAMTON NY 13902-4127 | | | | | | | Notice Only |
| ACCOUNT NO.  L-029187864-1<br><br>NYS DEPT OF TAX & FINANCE<br>BANKRUPTCY SECTION<br>PO BOX 5300<br>ALBANY NY 12205-0300 | | | Incurred: 2006<br>Consideration: State Income Tax | | | | 892.00 |
| ACCOUNT NO.  01007930452961<br><br>TD BANK<br>32 CHESTNUT ST<br>LEWISTON ME 04240 | | | Incurred: 2008-2009<br>Consideration: Revolving charge account | | | | 511.00 |
| ACCOUNT NO.  01007930452961<br><br>TD BANK<br>PO BOX 8400<br>LEWISTON ME 04243-8400 | | | | | | | Notice Only |

Sheet no. 3 of 4 continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal ► $ 1,403.00

Total ► $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (12/07) - Cont.

In re   RAYMOND J CONNOLLY, JR                    ,          Case No. _____
              **Debtor**                                                    **(If known)**

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.   1008241272<br><br>VONAGE<br>C/O PENN CREDIT CORP<br>PO BOX 988<br>HARRISBURG PA 17108-0988 | | | Incurred: 2009<br>Consideration: Telephone Services | | | | 190.00 |
| ACCOUNT NO.   4856 2006 0916 1388<br><br>WELLS FARGO<br>PO BOX 6426<br>CAROL STREAM IL 60197-6426 | X | | Incurred: 2006<br>Consideration: Credit card debt | | | | 22,469.00 |
| ACCOUNT NO.<br><br>WEST ASSET MGMT<br>7333 TAM OSHANTER<br>STOCKTON CA 95210-3370 | | | Consideration: Collection agent | | | | Notice Only |
| ACCOUNT NO.<br><br> | | | | | | | |
| ACCOUNT NO.<br><br> | | | | | | | |

Sheet no. __4__ of __4__ continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

| | | |
|---|---|---|
| Subtotal ➤ | $ | 22,659.00 |
| Total ➤ | $ | 82,696.00 |

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2010 ©1991-2010, New Hope Software, Inc., ver. 4.5.4-749 - 30939 - Acrobat PDFWriter

B6G (Official Form 6G) (12/07)

In re   RAYMOND J CONNOLLY, JR _____     Case No. _____
_____                                                   _____
Debtor                                                                            (if known)

## SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests.
State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease.  Provide the
names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or
contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe,
guardian."  Do not disclose the child's name. See 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).

☑   Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| | |
| | |
| | |
| | |
| | |
| | |
| | |

**B6H (Official Form 6H) (12/07)**

In re  RAYMOND J CONNOLLY, JR _____   Case No. _____
                                                                                  (if known)
              **Debtor**

## SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112 and Fed. Bankr. P. 1007(m).

☐  Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| THE DIBA GROUP INC<br>280 1ST AVE APT 8B<br>NEW YORK NY 10009 | FIRST EQUITY CARD<br>PO BOX 23029<br>COLUMBUS GA 31902-3029 |
| THE DIBA GROUP INC<br>280 1ST AVE APT 8B<br>NEW YORK NY 10009 | ADVANTA BANK CORP<br>PO BOX 8088<br>PHILADELPHIA PA 19101-8088 |
| THE DIBA GROUP INC<br>280 1ST AVE APT 8B<br>NEW YORK NY 10009 | WELLS FARGO<br>PO BOX 6426<br>CAROL STREAM IL 60197-6426 |

Bankruptcy2010 ©1991-2010, New Hope Software, Inc., ver. 4.5.4-749 - 30539 - Acrobat PDFWriter

B6I (Official Form 6I) (12/07)

In re RAYMOND J CONNOLLY, JR _____  Case _____
          **Debtor**                                                    **(if known)**

## SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status:   Single | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| | RELATIONSHIP(S): No dependents | AGE(S): |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | Unemployed | |
| Name of Employer | | |
| How long employed | | |
| Address of Employer | | N.A. |
| | | |

INCOME: (Estimate of average or projected monthly income at time case filed)

| | DEBTOR | SPOUSE |
|---|---|---|
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly.) | $ 0.00 | $ N.A. |
| 2. Estimated monthly overtime | $ 0.00 | $ N.A. |
| 3. SUBTOTAL | $ 0.00 | $ N.A. |
| 4. LESS PAYROLL DEDUCTIONS | | |
| a. Payroll taxes and social security | $ 0.00 | $ N.A. |
| b. Insurance | $ 0.00 | $ N.A. |
| c. Union Dues | $ 0.00 | $ N.A. |
| d. Other (Specify: _____ ) | $ 0.00 | $ N.A. |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ 0.00 | $ N.A. |
| 6.. TOTAL NET MONTHLY TAKE HOME PAY | $ 0.00 | $ N.A. |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | $ 0.00 | $ N.A. |
| 8. Income from real property | $ 1,250.00 | $ N.A. |
| 9. Interest and dividends | $ 0.00 | $ N.A. |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above. | $ 0.00 | $ N.A. |
| 11. Social security or other government assistance ( Specify) | $ 0.00 | $ N.A. |
| 12. Pension or retirement income | $ 0.00 | $ N.A. |
| 13. Other monthly income Support from family (Specify) | $ 1,750.00 | $ N.A. |
| | $ 0.00 | $ N.A. |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ 3,000.00 | $ N.A. |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on Lines 6 and 14) | $ 3,000.00 | $ N.A. |
| 16. COMBINED AVERAGE MONTHLY INCOME (Combine column totals from line 15) | $ 3,000.00 | |

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:

None

_____
_____
_____

**B6J (Official Form 6J) (12/07)**

In re  RAYMOND J CONNOLLY, JR                                    Case No. _____
                    **Debtor**                                              **(if known)**

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed. Prorate any payments made biweekly, quarterly, semi-annually, or annually to show monthly rate. The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

☐   Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ | 2,500.00 |
|     a. Are real estate taxes included?  Yes _____  No ✓ | | |
|     b. Is property insurance included?  Yes _____  No ✓ | | |
| 2. Utilities: a. Electricity and heating fuel | $ | 0.00 |
|     b. Water and sewer | $ | 0.00 |
|     c. Telephone | $ | 75.00 |
|     d. Other _____ | $ | 0.00 |
| 3. Home maintenance (repairs and upkeep) | $ | 0.00 |
| 4. Food | $ | 400.00 |
| 5. Clothing | $ | 50.00 |
| 6. Laundry and dry cleaning | $ | 0.00 |
| 7. Medical and dental expenses | $ | 20.00 |
| 8. Transportation (not including car payments) | $ | 100.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ | 0.00 |
| 10. Charitable contributions | $ | 0.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | |
|     a. Homeowner's or renter's | $ | 0.00 |
|     b. Life | $ | 0.00 |
|     c. Health | $ | 0.00 |
|     d. Auto | $ | 0.00 |
|     e. Other _____ | $ | 0.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | | |
| (Specify) _____ | $ | 0.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | | |
|     a. Auto | $ | 0.00 |
|     b. Other _____ | $ | 0.00 |
|     c. Other _____ | $ | 0.00 |
| 14. Alimony, maintenance, and support paid to others | $ | 0.00 |
| 15. Payments for support of additional dependents not living at your home | $ | 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ | 0.00 |
| 17. Other _____ | $ | 0.00 |
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data) | $ | 3,145.00 |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

    None

_____

_____

| 20. STATEMENT OF MONTHLY NET INCOME | | |
|---|---|---|
|     a. Average monthly income from Line 15 of Schedule I | $ | 3,000.00 |
|     b. Average monthly expenses from Line 18 above | $ | 3,145.00 |
|     c. Monthly net income (a. minus b.) | $ | -145.00 |

Bankruptcy2010 ©1991-2010, New Hope Software, Inc., ver. 4.5.4-749 - 30939 - Acrobat PDFWriter

B6 Summary (Official Form 6 - Summary) (12/07)

# United States Bankruptcy Court
## SOUTHERN DISTRICT OF NEW YORK

In re   RAYMOND J CONNOLLY, JR

_____
Debtor

Case No. _____

Chapter   7 _____

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A – Real Property | YES | 1 | $      0.00 | | |
| B – Personal Property | YES | 3 | $   3,540.00 | | |
| C – Property Claimed as exempt | YES | 1 | | | |
| D – Creditors Holding Secured Claims | YES | 1 | | $      0.00 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | YES | 3 | | $   1,810.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | YES | 5 | | $  82,696.00 | |
| G - Executory Contracts and Unexpired Leases | YES | 1 | | | |
| H - Codebtors | YES | 1 | | | |
| I - Current Income of Individual Debtor(s) | YES | 1 | | | $   3,000.00 |
| J - Current Expenditures of Individual Debtors(s) | YES | 1 | | | $   3,145.00 |
| TOTAL | | 18 | $   3,540.00 | $  84,506.00 | |

Bankruptcy2010 ©1991-2010, New Hope Software, Inc., ver. 4.5.4-749 - 30939 - Acrobat PDFWriter

# United States Bankruptcy Court
## SOUTHERN DISTRICT OF NEW YORK

In re      RAYMOND J CONNOLLY, JR                          Case No. _____
                          Debtor

                                                           Chapter      7

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. §101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐   Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | $ 0.00 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | $ 1,810.00 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | $ 0.00 |
| Student Loan Obligations (from Schedule F) | $ 0.00 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | $ 0.00 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | $ 0.00 |
| TOTAL | $ 1,810.00 |

**State the Following:**

| | |
|---|---|
| Average Income  (from Schedule I, Line 16) | $ 3,000.00 |
| Average Expenses (from Schedule J, Line 18) | $ 3,145.00 |
| Current Monthly Income (from Form 22A Line 12; **OR,** Form 22B Line 11; **OR,** Form 22C Line 20 ) | $ 3,212.16 |

**State the Following:**

| | | |
|---|---|---|
| 1.  Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | $ 0.00 |
| 2.  Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column. | $ 1,810.00 | |
| 3.  Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | $ 0.00 |
| 4.  Total from Schedule F | | $ 82,696.00 |
| 5.  Total of non-priority unsecured debt (sum of 1, 3, and 4) | | $ 82,696.00 |

Bankruptcy2010 ©1991-2010, New Hope Software, Inc., ver. 4.5.4-749 - 30939 - Acrobat PDFWriter

B6 (Official Form 6 - Declaration) (12/07)

RAYMOND J CONNOLLY, JR

In re _____    Case No. _____
                    **Debtor**                                                          **(If known)**

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of ___20___ sheets, and that they are true and correct to the best of my knowledge, information, and belief.


Date _September 1, 2010_____    Signature:  _/s/ RAYMOND J CONNOLLY, JR_____
                                                                                        **Debtor:**


Date _____    Signature:  ____Not Applicable_____
                                                                                        (Joint Debtor, if any)

                                                    [If joint case, both spouses must sign.]

-----------------------------------------------------------------------------------------------------------

**DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h) and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110 setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

_____          _____
Printed or Typed Name and Title, if any,                    Social Security No.
of Bankruptcy Petition Preparer                               *(Required by 11 U.S.C. § 110.)*

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs this document.*

_____
_____
_____
Address

X _____          _____
      Signature of Bankruptcy Petition Preparer                    Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document, unless the bankruptcy petition preparer is not an individual:

*If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.*

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

-----------------------------------------------------------------------------------------------------------

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, the _____ [the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership ] of the _____ [corporation or partnership] named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ sheets *(total shown on summary page plus 1),* and that they are true and correct to the best of my knowledge, information, and belief.

Date _____          Signature: _____

                                                                  _____
                                                                  [Print or type name of individual signing on behalf of debtor.]

          *[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]*

-----------------------------------------------------------------------------------------------------------

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.

# EXHIBIT D

B7 (Official Form 7) (04/10)

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

In Re  RAYMOND J CONNOLLY, JR                                    Case No. _____
                                                                        (if known)

# STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses are combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

*DEFINITIONS*

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

---

### 1. Income from employment or operation of business

None
☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| | AMOUNT | SOURCE |
|---|---|---|
| 2010 | 14,813 | Gross receipts from business |
| 2009 | 33,140 | Gross receipts from business |
| 2008 | 25,000 | Gross receipts from business |

Bankruptcy2010 ©1991-2010, New Hope Software, Inc., ver. 4.5.4-749 - 30099 - Acrobat PDFWriter

**2.    Income other than from employment or operation of business**

None

☒

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the two years immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT                                    SOURCE

---

**3. Payments to creditors**

None

☒

*Complete a. or b., as appropriate, and c.*

*a. Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within 90 days immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

---

None

☒

*b. Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within 90 days immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850*. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

*Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after date of adjustment.*

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None
☒

*c. All debtors:* List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

**4.  Suits and administrative proceedings, executions, garnishments and attachments**

None
☐

a.    List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| Chase v. Connolly | Collection | Civil Court, County of New York | |

None
☒

b.    Describe all property that has been attached, garnished or seized under any legal or equitable process within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**5.  Repossessions, foreclosures and returns**

None
☒

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**6.  Assignments and Receiverships**

None ☒  a.      Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None ☒  b.      List all property which has been in the hands of a custodian, receiver, or court-appointed official within one year immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

**7.  Gifts**

None ☒      List all gifts or charitable contributions made within one year immediately preceding the commencement of this case, except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient.   (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

**8.  Losses**

None ☒      List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES, AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

**9.   Payments related to debt counseling or bankruptcy**

None

☐

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Dan Shaked<br>Shaked & Posner<br>255 W. 36th Street<br>New York, NY 10018 | May 5, 2010 | $1,700. |

**10.   Other transfers**

None

☒

a.   List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within two years immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

b.   List all property transferred by the debtor within ten years immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

None

☒

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

**11. Closed financial accounts**

None ☐

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|
| ThinkorSwim | Brokerage account Closing Balance: $500 | May, 2010 |
| Citibank | Checking Closing Balance: $0 | May, 2010 |

**12. Safe deposit boxes**

None ☒

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

**13. Setoffs**

None ☒

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

**14. Property held for another person**

None

☒

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

**15. Prior address of debtor**

None

☒

If the debtor has moved within the three years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|

**16. Spouses and Former Spouses**

None

☒

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within eight years immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

**17. Environmental Sites**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

None

☒

a.    List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

Bankruptcy2010 ©1991-2010, New Hope Software, Inc., ver. 4.5.4-749 - 39939 - Acrobat PDFWriter

None ☒

    b.    List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None ☒

    c.    List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

**18. Nature, location and name of business**

None ☐

    a.    If the debtor is an individual, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partnership, sole proprietorship, or was self-employed in a trade, profession, or other activity either full- or part-time within six years immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within the six years immediately preceding the commencement of this case.

If the debtor is a partnership, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within the six years immediately preceding the commencement of this case.

If the debtor is a corporation, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within the six years immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|
| The Diba Group, Inc. | 20-0960425 | 280 1st Ave., Apt. 8B New York, NY 10009 | IT Consulting | March, 2004 to April, 2010 |

None ☒

    b.    Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

| NAME | ADDRESS |
|---|---|

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within the six years immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or otherwise self-employed.

*(An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business, as defined above, within the six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

### 19. Books, record and financial statements

None
☒

a.    List all bookkeepers and accountants who within the two years immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

NAME AND ADDRESS                                        DATES SERVICES RENDERED

None
☒

b.    List all firms or individuals who within the two years immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

NAME                              ADDRESS                    DATES SERVICES RENDERED

None
☒

c.    List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

NAME                              ADDRESS

None
☒

d.    List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued within the two years immediately preceding the commencement of this case by the debtor.

NAME AND ADDRESS                                        DATE
                                                        ISSUED

### 20. Inventories

None
☒

a.    List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

DATE OF INVENTORY            INVENTORY SUPERVISOR            DOLLAR AMOUNT OF INVENTORY
                                                            (Specify cost, market or other basis)

None  b.    List the name and address of the person having possession of the records of each of the two inventories
☒     reported in a., above.

DATE OF INVENTORY                      NAME AND ADDRESSES OF CUSTODIAN OF
                                              INVENTORY RECORDS

**21. Current Partners, Officers, Directors and Shareholders**

None  a.    If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.
☒

NAME AND ADDRESS          NATURE OF INTEREST          PERCENTAGE OF INTEREST

None  b.    If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who
☐     directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

NAME AND ADDRESS              TITLE              NATURE AND PERCENTAGE OF
                                                       STOCK OWNERSHIP

Raymond J. Connolly, Jr.        President           100%
280 1st Ave., Apt. 8B
New York, NY 10009

**22. Former partners, officers, directors and shareholders**

None  a.    If the debtor is a partnership, list each member who withdrew from the partnership within one year
☒     immediately preceding the commencement of this case.

NAME                    ADDRESS              DATE OF WITHDRAWAL

None  b.    If the debtor is a corporation, list all officers, or directors whose relationship with the corporation
☒     terminated within one year immediately preceding the commencement of this case.

NAME AND ADDRESS              TITLE              DATE OF TERMINATION

**23. Withdrawals from a partnership or distribution by a corporation**

None ☒     If the debtor is a partnership or a corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during one year immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**24. Tax Consolidation Group**

None ☒     If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within the six-year period immediately preceding the commencement of the case.

| NAME OF PARENT CORPORATION | TAXPAYER IDENTIFICATION NUMBER (EIN) |
|---|---|

**25. Pension Funds**

None ☒     If the debtor is not an individual, list the name and federal taxpayer identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within the six-year period immediately preceding the commencement of the case.

| NAME OF PENSION FUND | TAXPAYER IDENTIFICATION NUMBER (EIN) |
|---|---|

\*    \*    \*    \*    \*    \*

*[If completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date     September 1, 2010                    Signature     /s/ RAYMOND J CONNOLLY, JR
of Debtor

RAYMOND J CONNOLLY, JR

_0_ continuation sheets attached

***Penalty for making a false statement:  Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. §152 and 3571***

---

**DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and required under 11U.S.C. §§ 110(b), 110(h), and 342(b); (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110 setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section.

Printed or Typed Name and Title, if any, of Bankruptcy Petition Preparer          Social Security No. (Required by 11 U.S.C. § 110(c).)
*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs this document.*

Address

X
Signature of Bankruptcy Petition Preparer                                    Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.

***A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 18 U.S.C. §156.***

# EXHIBIT E

Slip Copy, 2011 WL 2413680 (Bkrtcy.D.Dist.Col.)
**(Cite as: 2011 WL 2413680 (Bkrtcy.D.Dist.Col.))**

**H**

Only the Westlaw citation is currently available.Not for Publication in West's Bankruptcy Reporter

United States Bankruptcy Court,
District of Columbia.
In re Ziad AKL, Debtor.
Virginia Hospital Center—Arlington Health Systems, Plaintiff,
v.
Ziad Akl, Defendant.

Bankruptcy No. 07–00256.
Adversary No. 07–10026.
June 15, 2011.

*MEMORANDUM DECISION RE MOTION OF VIRGINIA HOSPITAL CENTER–ARLINGTON HEALTH SYSTEMS AND PATRICK POTTER FOR SUMMARY JUDGMENT AS TO SANCTIONS*
S. MARTIN TEEL, JR., United States Bankruptcy Judge.

**\*1** This addresses the Motion of Virginia Hospital Center-Arlington Health Systems and Patrick Potter ("Respondents") for Summary Judgment as to Sanctions. For the reasons that follow, I will grant the motion.

I

The procedural history underlying the Respondents' motion for summary judgment is as follows. In 2007, Virginia Hospital System–Arlington Health System (the "Hospital") commenced this adversary proceeding seeking to have certain attorneys' fees awarded to the Hospital by Judge Kendrick of the Circuit Court for the County of Arlington against the debtor, Ziad Akl, declared nondischargeable under § 523(a)(6) of the Bankruptcy Code.

The Hospital's nondischargeability complaint, as pertinent here, set forth the following:

Starting in 2004 and continuing through the petition date, Akl commenced eight lawsuits against the Hospital in connection with the revocation of his medical privileges at the hospital. Compl. ¶ 6.

As of the filing of the complaint, however, seven of Akl's cases had been dismissed. Compl. ¶ 7.

In most of these actions the Hospital had "been forced to defend against Dr. Akl's baseless, malicious allegations and claims." Compl. ¶ 9.

In three consolidated actions in the Circuit Court, the Hospital moved to recover attorneys' fees pursuant to, among other things, Virginia Code § 8.01–271.1, Compl. ¶ 10, Virginia's equivalent of Rule 11 of the Federal Rules of Civil Procedure.[FN1]

FN1. Va.Code § 8.01–271.1 provides as follows:

Except as otherwise provided in §§ 16.1–260 and 63.2–1901, every pleading, written motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, and the attorney's address shall be stated on the first pleading filed by that attorney in the action. A party who is not represented by an attorney, including a person confined in a state or local correctional facility proceeding pro se, shall sign his pleading, motion, or other paper and state his address.

The signature of an attorney or party constitutes a certificate by him that (i) he has read the pleading, motion, or other paper, (ii) to the best of his knowledge, information and belief, formed after reasonable inquiry, it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and (iii) it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. If a pleading or written motion, or other paper is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the pleader or movant.

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2011 WL 2413680 (Bkrtcy.D.Dist.Col.)
**(Cite as: 2011 WL 2413680 (Bkrtcy.D.Dist.Col.))**

An oral motion made by an attorney or party in any court of the Commonwealth constitutes a representation by him that (i) to the best of his knowledge, information and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, and (ii) it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

If a pleading, motion, or other paper is signed or made in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed the paper or made the motion, a represented party, or both, an appropriate sanctions, which may include an order to pay the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper or making of the motion, including a reasonable attorney's fee.

On October 2, 2006, the Circuit Court signed an order granting the Hospital's motion which in the first decretal paragraph provided that "pursuant to the contract entered into between Plaintiff and Defendant Virginia Hospital Center–Arlington (the 'Hospital'), Defendant's motion for costs and reasonable attorney's fees is GRANTED." <u>FN2</u> Compl. ¶ 12.

> <u>FN2.</u> That order was subsequently amended to read that "as noted in this Court's October 2, 2006 Order, pursuant to the contract entered into between Plaintiff, Ziad Akl, M.D., F.A.C.P., and Defendant Virginia Hospital Center–Arlington Health System, the motion for costs and reasonable attorneys' fees is GRANTED."

Moreover, at the hearing on the Hospital's attorneys' fees motion, Judge Kendrick of the Circuit Court made a specific finding that Akl had violated <u>Virginia Code § 8.01–271.1</u>:

Virginia Code [8.01–271.1], which was designed to protect litigants from the mental anguish and the expense of frivolous assertions of unfounded factual and legal claims[,] against the assertions of claims for improper purposes, and to protect courts against those who would abuse the litigation process, is also a legal and sufficient basis to award sanctions against this litigant [Dr. Akl]. The Court finds after an exhaust[ ive] review of this record that he [Dr. Akl], in fact, violated the very nature and basis for which this code section was designed and implemented.... The record should also reflect that it is the Court's opinion that when you consider the nature of the litigation that has gone on with this individual, this doctor, and Virginia Hospital Center [VHC], that no further lawsuits are going to be filed by you [Dr. Akl] in this case, in this Court, without this Court's permission.

Compl. ¶ 13 (alterations in complaint).<u>FN3</u>

> <u>FN3.</u> The portion of Judge Kendrick's oral ruling the Hospital quoted in its complaint omitted a prior sentence which stated, consistent with the Circuit Court's October 2, 2006, written order, that Akl was also liable for attorneys' fees based on a fee shifting provision in a contract between Akl and the Hospital.

Akl's conduct constituted a willful and malicious injury to the Hospital or to the Hospital's property, Compl. ¶ 15, and the alleged actions violated <u>§ 523(a)(6) of the Bankruptcy Code</u>, Compl. ¶ 16.

**\*2** Akl timely filed an answer to the complaint and sought to take discovery. The Hospital filed a motion to quash discovery based on relevance grounds and soon thereafter moved for summary judgment.

### The Hospital's Motion for Summary Judgment on the Nondischargeability Complaint

The Hospital's motion for summary judgment sought to give collateral estoppel effect to Judge Kendrick's sanction award and, on that basis, for this court to determine as a matter of law that the award was nondischargeable. The motion relied principally on Judge Kendrick's oral ruling awarding sanctions that the Hospital quoted in its complaint. At a hearing on

Slip Copy, 2011 WL 2413680 (Bkrtcy.D.Dist.Col.)
(Cite as: 2011 WL 2413680 (Bkrtcy.D.Dist.Col.))

the motion, I denied summary judgment on the bases that Judge Kendrick's oral ruling was not his final decision on the Hospital's attorneys fees motion, and the final order awarding attorneys' fees did so solely based on Akl's contract with the hospital:

> In order for collateral estoppel to apply, we have to have four elements proven, and one of those is that the factual issue must have been essential to the judgment in a prior proceeding. *Loudoun Hospital Center v. Stroube,* 50 Va.App. 478, 492 (2007).

It wasn't necessary for the Virginia Circuit Court to reach the issue of statutory sanctions. As he noted, it was sufficient to rely upon the contract. He did, in his oral ruling, go beyond that and indicate that sanctions were appropriate also under the statute, but he did not say what part of the award was appropriate under that statute.

When, that—later that day he signed the judgment order, he apparently thought better of what he had said at the hearing, and realized that the Virginia statutory provision could not be a basis for the entire sanctions award, and limited the granting of the motion to the contract it had entered into between the parties. That was his last word on the issue, and he decided to limit his granting of sanctions pursuant to the contract it had entered into between the parties, and did not decided that he should additionally mention in the order, that he was awarding sanctions pursuant to the Virginia statute.

So we simply have the judgment that rests upon breach of contract or a contractual entitlement to attorney's fees and reasonable—and costs, and not a judgment that rests upon violation of the Virginia statute.

The Health System alleges that Dr. Akl took an appeal in which he flagged the statutory violation as a grounds for the Trial Court having awarded sanctions, and points to the fact that the Supreme Court of Virginia denied review, using language saying that it found no reversible error, but the Virginia Supreme Court didn't say whether it found no reversible error because the contract provision, standing alone, sufficed to uphold the judgment, and therefore it was not necessary to address

whether statutory sanctions would have been appropriate, and it did not address whether statutory sanctions were appropriate.

So the Virginia Supreme Court cannot be treated as having actually addressed the question of statutory sanctions.

**\*3** Tr. 3/12/2008 hearing at 63–65 (Dkt. No. 186).

After I denied its motion for summary judgment, the Hospital moved to dismiss the adversary proceeding. Prior to ruling on the motion to dismiss, however, Akl filed a motion for leave to file a counterclaim. I denied Akl's motion for leave on September 4, 2008, and dismissed the adversary proceeding on the Hospital's motion.

The Sanctions Motion

On October 14, 2008, Akl filed a Motion for Sanctions Under 28 U.S.C. § 1927 and in the Alternative Motion for Exercise of the Court's **Inherent Power** to **Sanction** Plaintiff and Counsel (the "**Sanctions** Motion"). (Dkt. No. 110). In his Sanctions Motion Akl contended that the Hospital, Patrick Potter, the Hospital's attorney in this adversary proceedings, and others committed sanctionable conduct by (1) commencing this adversary proceeding, (2) filing the motion to quash his initial discovery requests, and (3) filing the motion for summary judgment. As relevant here, Akl argued that "the complaint was filed for improper purposes, to harass and cause financial and other damage, and without any evidentiary support for the allegations and factual contentions contained therein," that the "motion for summary judgment [ ] was not warranted by existing law, was intended to further the improper purposes, and contained falsified documents," and "in the process of advocating a motion for protective order and an opposition for leave to file a counterclaim, Plaintiff's counsel orally made serious misrepresentations to the Court." Sanctions Motion at 1–2. In sum, it was Akl's contention that this proceeding and the documents filed in furtherance of it were without merit and designed solely to harass him:

> The Hospital and its counsel did not have the slightest subjective belief that Akl acted willfully and maliciously to injure the Hospital, did not have a shred of evidence in support thereof and knew

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2011 WL 2413680 (Bkrtcy.D.Dist.Col.)
**(Cite as: 2011 WL 2413680 (Bkrtcy.D.Dist.Col.))**

that no evidence thereto existed; rather, it was the Hospital and its counsel that repeatedly acted in a willful and malicious manner throughout the peer-review process and throughout the proceedings in the Circuit Court for Arlington County. At the time of filing of the adversary proceeding, the Hospital and its counsel did not believe that Defendant acted willfully or maliciously, nor did they believe they could prove willfulness or malice on the part of Defendant but were merely hoping to achieve ulterior motives through coercion. When they failed to achieve their unlawful purposes, they attempted to prevail on summary judgment through fraud and by asking the Court to apply collateral estoppel to a judgment that not only did not rule that Defendant acted willfully or maliciously but was also invalid because it was obtained by the Hospital and its counsel through repetitive fraud upon the Arlington County Circuit Court.

Sanctions Motion at 2.

In response to Akl's Sanctions Motion, the Hospital, Potter, and the other parties against whom Akl sought sanctions filed a Motion to Strike, Dismiss and Otherwise Deny the Sanctions Motion (Dkt. No. 115). In a Memorandum Decision and Order dated October 15, 2009, I granted in part and denied in part the Hospital's motion, dismissing all claims against on of Potter's co-counsel, Baum. In a subsequent Decision and Order dated March 22, 2010, I further dismissed the claims against Potter's other co-counsel, McTavish, dismissed Akl's § 1927 claim for the filing of the complaint, and dismissed Akl's § 1927 and **inherent** authority **sanctions** claim for the motion to quash.

The Motion for Summary Judgment as to the Remaining Portions of the Sanctions Motion
*4 As set forth in the April 22, 2010, Memorandum Decision and Order, the remaining sanctions claims are as follows:

(1) **sanctions** under the court's **inherent** authority for the filing of the complaint against Potter and Virginia Hospital;

(2) sanctions under § 1927 against Potter for the filing of the motion for summary judgment, except to the extent Akl argues the motion is sanctionable merely because it was in furtherance of the adver-

sary proceeding; and

(3) **sanctions** under the court's **inherent** authority against Potter and Virginia Hospital for the filing of the motion for summary judgment.

The Hospital has now filed a motion for summary judgment as to the remaining sanctions claims, which this opinion addresses.

II
A party is entitled to summary judgment when there is no "genuine issue of material fact" and the undisputed facts warrant judgment for the moving party as a matter of law. Fed.R.Civ.P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). In addressing a motion for summary judgment, "the court must view the evidence in the light most favorable to the party against whom summary judgment is sought and must draw all reasonable inferences in [its] favor." Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). Whether any disputed issue of fact exists is for the court to determine. Balderman v. United States Veterans Admin., 870 F.2d 57, 60 (2d Cir.1989). The moving party has the initial burden of demonstrating the absence of a disputed issue of material fact. Celotex v. Catrett, 477 U.S. 317, 323 (1986). Once such a showing has been made, the non-moving party must either (1) cite to particular parts of materials in the record showing that a fact is genuinely disputed or (2) "show[ ] that the materials cited do not establish the absence ... of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed.R.Civ.P. 56(c)(1). The party opposing summary judgment "may not rely on conclusory allegations or unsubstantiated speculation." Scotto v. Almenas, 143 F.3d 105, 114 (2d Cir.1998). Moreover, not every disputed factual issue is material in light of the substantive law that governs the case. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude summary judgment." Anderson, 477 U.S. at 248.[FN4]

FN4. Although the Hospital questions the need to meet the standards for summary judgment when a party seeks dismissal of a motion for sanctions and, particularly, the need to show a lack of genuine issue of material fact, Motion at 2 n. 1, because the

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2011 WL 2413680 (Bkrtcy.D.Dist.Col.)
**(Cite as: 2011 WL 2413680 (Bkrtcy.D.Dist.Col.))**

Hospital prevails under the usual summary judgment standards, I decline to address the issue.

### III

In their motion, Respondents argue that the court should grant them summary judgment as to Akl's remaining **inherent** authority **sanctions** claims on the basis that Akl has failed to present any evidence that either the complaint or motion for summary judgment were filed in bad faith. Likewise, Potter argues that summary judgment in his favor is appropriate as to the § 1927 sanctions claim for filing the motion for summary judgment because Akl has failed to present any evidence that the motion was unreasonable or vexatious or that Potter's actions were either reckless or in bad faith. I will address each of these arguments in turn.

### A
### Sanctions Against Respondents Under the Court's Inherent Authority for Filing the Complaint

**\*5** It is well-established "that certain implied powers must necessarily result to our Courts of justice from the nature of their institution, powers which cannot be dispensed with in a Court, because they are necessary to the exercise of all others." *Chambers v. NASCO, Inc.,* 501 U.S. 32, 43 (1991) (internal quotations and citations omitted). These **inherent powers** are "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R. Co.,* 370 U.S. 626, 630–31 (1962). Included among these **inherent powers** is the power to assess attorney's fees against a party who has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 258–59 (1975). Importantly, however, this power, "must be exercised with restraint and discretion." *Roadway Express Inc. v. Piper,* 447 U.S. 752, 764 (1980). The Supreme Court in *Chambers v. NASCO, Inc.,* 501 U.S. 32 (1991), set forth two such restraints. First, a court "must find some connection between the sanctioned conduct and a process of the court in the litigation before it." *Alexander v. F.B.I.,* 541 F.Supp.2d 274, 303 (D.D . C.2008). Second, a court "must make an explicit finding that [the target of the sanctions] acted in bad faith." *Id.* (internal quotations omitted) (alterations in original). The Respondents set forth three different bases for granting summary

judgment in the their favor on this claim.

First, the Respondents contend that because Akl stated that he hoped the Hospital would file the non-dischargeability complaint, his motion for **sanctions** under the court's **inherent** authority should fail. The Respondents, however, cite no authority for this proposition, which is unsurprising because it misconstrues the purpose of the **sanction**. **Sanctions** under the court's **inherent** authority are intended to vindicate the authority of the courts. As the Supreme Court explained in *Chambers,* "[t]he imposition of sanctions in this instance transcends a court's equitable power concerning relations between the parties and reaches a court's **inherent power** to police itself, thus serving the dual purpose of vindicating judicial authority without resort to the more drastic sanctions available for contempt of court and making the prevailing party whole for expenses caused by his opponent's obstinancy." *Chambers,* 501 U.S. at 46. For this reason, Akl's subjective hope that the Hospital would commence this adversary proceeding is irrelevant to **sanctions** under the court's **inherent** authority.

The Respondents next argue that they are entitled to judgment on Akl's **inherent** authority **sanctions** claim for the filing of the complaint because Akl has failed to adduce any evidence of bad faith. "To make a showing of bad faith, whether for purposes of imposing **sanctions** pursuant to § 1927 or the court's **inherent** authority, a party must demonstrate that the opposition engaged in deliberate conduct for an improper motive, such as harassment, needless delay, or disruption of the litigation.... [S]uch bad faith can be proven directly through evidence of subjective intent, or indirectly through evidence of objective actions that lead to an inference of subjective intent—such as filing a document with the court that is plainly frivolous, lacking even a colorable basis in law or fact." *In re Greater Southeast Comm. Hosp. Corp. I,* 2010 WL 3123086, at \*3 (Bankr.D.D.C. Aug. 9, 2010). The Respondents contend that summary judgment in their favor is appropriate because Akl has failed to produce any subjective or objective evidence of their bad faith.

**\*6** As to objective evidence of bad faith, Respondents argue that Akl has failed to show that the complaint was without color. Motion at 11. In this regard, they state that Judge Kendrick's oral ruling

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2011 WL 2413680 (Bkrtcy.D.Dist.Col.)
**(Cite as: 2011 WL 2413680 (Bkrtcy.D.Dist.Col.))**

and Judge Kendrick's oral ban on Akl filing any more cases in the Circuit Court by themselves show a colorable basis for commencing the nondischargeability action.[FN5] I agree. Even though Judge Kendrick's oral ruling was not entitled to collateral estoppel effect, it certainly shows a colorable basis for VCH's nondischargeability action under § 523(a)(6) of the Bankruptcy Code.

> FN5. Akl viewed the oral ban as an order because he requested vacating of the oral ban in an appeal he took.

Regarding evidence of subjective intent of bad faith, Respondents aver that they filed the complaint solely to obtain a nondischargeability determination and without any intent to harass Akl, cause delay, or for any other improper purpose. Potter Decl. ¶¶ 4–5. Moreover, Respondents note that they have not pursued other actions against Akl and did not increase litigation costs in this action by trying to seek discovery. Potter Decl. ¶¶ 6–7. Further, they promptly prosecuted the action and filed a motion to dismiss after I denied their motion for summary judgment. Left uncontroverted, these facts would establish an absence of evidence of bad faith, entitling the Hospital and Potter to summary judgment on Akl's **inherent authority sanctions** claim as to the filing of the complaint.

In his opposition to Respondents' motion for summary judgment, Akl sets forth several facts which he contends raise an issue as to whether this proceeding was instituted in bad faith.

1. Alleged Inconsistent Positions that Akl Argues Support an Inference of Bad Faith

Akl first argues that the Hospital has taken conflicting positions as to the basis for its claim, which could lead a reasonable trier of fact to conclude that this adversary proceeding was instituted in bad faith. Opp. at 51–56. Particularly, Akl contends that the Hospital has at times argued that its claim was based solely on Judge Kendrick's oral ruling, while at other times contending that its claim was based on "the public record in the litigation"—i.e., that the complaint asserted a broader evidentiary basis than Judge Kendrick's oral ruling alone. Opp. at 52. I fail both to see any conflicting positions and, in any event, how they would lead to a reasonable inference of bad faith.

While the Hospital's nondischargeability complaint clearly is geared towards Judge Kendrick's order, it also encompasses a broader factual basis to establish the nondischargeability of the sanction award: ¶ 6, Akl had filed eight lawsuits in connection with the revocation of his medical privileges; ¶ 7, seven of Akl's lawsuits had been dismissed; ¶ 8, Akl has been enjoined from filing further lawsuits in Virginia relating to the revocation of his medical privileges. What is evident from both the complaint and the proceedings before this court is that the Hospital intended to rely primarily on Judge Kendrick's orders and oral rulings, standing alone, to obtain judgment but reserved the right to have this court determine whether the claim was nondischargeable on a broader evidentiary basis. All of the statements that Akl alleges are inconsistent reflect this: there is no inconsistency.

*7 The Hospital's Rule 26 disclosure states that it would rely on the entire record of the litigation only if it were required to "go beyond the above-referenced rulings." The Hospital interrogatory response that "the entire record of the litigation with Dr. Akl demonstrates that he acted maliciously ..." accompanies seven other responses that clearly show the complaint was primarily based on Judge Kendrick's order. Int. Resp. Nos. 1, 2, 5, 6, 7, 13, 16. Attorney McTavish only stated that she would turn to "the extensive public record that has already been established in the Virginia State Court with respect to these matters ..." to demonstrate willfulness after I denied the Hospital's motion for summary judgment, which was based on giving collateral estoppel effect to Judge Kendrick's orders and oral ruling. Similarly, the fact that the Hospital litigated the motion to quash instead of dismissing the adversary proceeding after I denied its motion for summary judgment only bolsters this point. As Akl himself recognizes "if Respondents truly brought the suit solely on Judge Kendrick's statement, then they should have moved to dismiss right then in Court...." Opp. at 55.

The remaining statement to which Akl points is Potter's statement that the complaint only stated that "Judge Kendrick ... issued a sanctions ruling against Dr. Akl, and that the sanctions ruling was, as a matter of law, non-dischargeable." Tr. Jan. 11, 2011, hearing at 7 (Dkt. No. 201). While Potter's statement arguably is inconsistent with the court's reading of the com-

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2011 WL 2413680 (Bkrtcy.D.Dist.Col.)
**(Cite as: 2011 WL 2413680 (Bkrtcy.D.Dist.Col.))**

plaint, the Rule 26 disclosure, the interrogatory responses, and the Hospital having litigated the motion to quash after the court denied the Hospital's motion for summary judgment, it does not lead to a reasonable inference of bad faith. Again, the complaint was clearly geared towards Judge Kendrick's orders and oral rulings, but those rulings recited misconduct by Akl in prior proceedings, so it is not clear that Potter's statement is flatly inconsistent with the broad view I take of the complaint. That Potter, nearly three years after having moved to dismiss this adversary proceeding, may have viewed the complaint as limited solely to Judge Kendrick's ruling is not enough to show a material factual issue in dispute as to bad faith. At most, it shows that this proceeding has wound on for too long.

Moreover, even if the Respondents have taken conflicting positions as to the basis for the complaint, that alone does not lead to a reasonable inference of bad faith. Implicit in Akl's argument that the Respondents have taken conflicting positions is that one of the positions is unsupportable and, accordingly, in bad faith. That, however, is not the case.

If the complaint were read to assert a broader evidentiary basis, which, for the reasons previously stated, I believe it does, Judge Kendrick's oral ruling by itself provides a good-faith factual basis for finding the fee award nondischargeable. Lest it be overlooked, an independent trier of fact found Akl's conduct in the Circuit Court sanctionable and was a basis for banning him from filing further suits in that court, an extreme remedy. Although Judge Kendrick's order and oral ruling were not entitled to collateral estoppel effect, they certainly provided the Hospital with a good-faith factual basis for instituting this suit and having this court determine whether Akl's actions in those proceedings warranted a finding that the attorneys' fee award was nondischargeable on a broader evidentiary basis than just Judge Kendrick's oral ruling and order.

**\*8** Alternatively, as discussed later in addressing Akl's fourth argument, if the complaint is read to be limited solely to giving collateral estoppel effect to Judge Kendrick's order and oral ruling and finding the fee award nondischargeable on that basis alone, it is not so without color to lead to a reasonable inference of bad faith. Again, Judge Kendrick's order and oral ruling provided the Hospital with a good-faith

factual basis for filing the complaint. Moreover, the Hospital's reply to Akl's opposition to its summary judgment motion on the nondischargeability complaint set forth multiple legal arguments why Judge Kendrick's order would be entitled to collateral estoppel effect in this court. See Part III.B, *infra*. Although I ultimately disagreed with the Hospital, these legal arguments were not so "plainly frivolous, lacking even a colorable basis in law or fact," *In re Greater Southeast Comm. Hosp. Corp. I, 2010 WL 3123086 at \*3 (Bankr.D.D.C. Aug. 9, 2010),* as to lead to a reasonable inference of bad faith. For these reasons, Akl's first basis for denying the Respondents' motion fails.

2. Akl's Argument that He Could Be Viewed as Having Acted Without Malice

Akl next argues that the record from Akl's previous suits does not support a nondischargeability action. Particularly, Akl notes that *Akl I,*[FN6] which, presumably, includes most of the fees that the Hospital sought to have declared nondischargeable, was filed on Akl's behalf by a well-respected lawyer at a well-respected law firm and that in none of the proceedings at issue did a judge ever state that Akl acted with malice. Opp at 56–57. This argument fails for two reasons.

> FN6. *Akl I* is the original suit Akl commenced against the Hospital in the Circuit Court. The Circuit Court later consolidated two other cases, *Akl II* and *III,* that Akl commenced against several Hospital employees with *Akl I.*

First, Judge Kendrick's order and oral ruling alone provide a reasonable factual basis for instituting the adversary proceeding. Although Akl might have been able ultimately to prevail at trial based on his evidence, it does nothing to undermine the fact that Judge Kendrick's rulings provided the Respondents with a good-faith factual basis for filing the case.

Second, and relatedly, at issue for purposes of this motion is whether there is any evidence that the Respondents commenced the proceeding in this court in bad faith, not whether Akl commenced the Virginia proceedings in good faith. Indeed, Akl might very well have filed the Virginia proceedings in good faith. But, to determine if the Respondents' filing of

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2011 WL 2413680 (Bkrtcy.D.Dist.Col.)
(Cite as: 2011 WL 2413680 (Bkrtcy.D.Dist.Col.))

the complaint was sanctionable, Akl must show that
the Respondents did not have a good faith basis for
believing Akl commenced the Virginia proceedings
in bad faith. The Respondents have come forward
with a declaration attesting that the complaint was
not filed for an improper purpose and have shown,
for the reasons previously stated, that the complaint
had a colorable basis. That *Akl I* was filed by a repu-
table lawyer at a reputable law firm and that no judge
ever employed the term "malice" does not speak to
the Respondents' subjective intent and does nothing
to cast doubt on the primary factual basis on which
they instituted this proceeding: Judge Kendrick's oral
ruling.

**\*9** Akl also contends that "it is impossible to
discern from the Hospital's Complaint in this adver-
sary proceeding why the Hospital contends that Akl's
claims and allegations are 'baseless' and 'malicious,'
and why his lawsuits were 'baseless and harassing,' "
Opp. at 57, and, based on this, that "a reasonable trier
of fact [could] infer ... that the Complaint was
brought in bad faith." This argument, too, fails to
provide a reasonable inference of bad faith. At most,
this shows a pleading deficiency. It does not, how-
ever, make the complaint so "plainly frivolous" as to
infer bad faith. Again, the complaint was grounded in
a finding by a neutral fact-finder that Akl had vio-
lated Virginia's equivalent of Rule 11 and a determi-
nation that Akl would be barred from filing any fur-
ther suits in that court. This alone provided a color-
able factual basis for instituting the suit and Akl's
evidence to the contrary does nothing to undermine
it.

3. Akl's Argument that in Suing Others than the Hos-
pital He Could Not Have Intended to Injure the Hos-
pital
    Akl third argues that the Hospital and Potter
knew that Akl did not and could not have acted wil-
fully and maliciously toward the Hospital or caused it
injury and, thus, this proceeding was instituted in bad
faith. Specifically, Akl contends that in cases where
Akl did not sue the Hospital itself (what have been
referred to as *Akl II, III, IV,* and *V* ), he could not
have had the intent to injure required by § 523(a)(6):

The only possible injury the Hospital could claim
is one resulting from a lawsuit against the hospital
itself. If the hospital decided to defend other per-
sons, and if the other persons opted to allow the

Hospital to assume the expenses of their defense,
that is a fate the Hospital decided by its own choos-
ing, not by Akl, and no one "forced" it to do so. In
an affidavit to the Arlington Court, McTavish
stated that the Hospital "agreed to pay for the de-
fense of each of the individuals whom Dr. Akl had
sued[.]" *See* Ex. 37, Affidavit of Karen–Faye
McTavish, at 2. In fact, the Hospital's Board of Di-
rectors had to issue resolutions to defend the above
individuals. *See* Ex. 38, Invoices submitted by the
Hospital to the Arlington Court in support of its
motion for sanctions, at 3/15/05, 4/04/04, 5/23/05
and 5/24/05. The Hospital based its argument in
support of excepting the discharge of the claimed
debt on the fact that Akl had acted "willfully and
maliciously" in his actions that led to the alleged
debt, *in its entirety.* A large part of the debt, how-
ever, was for expenses the Hospital decided to in-
cur of its own will, when it decided to defend other
persons. Thus, the Hospital's claim against Akl is a
clear attempt to obtain monies that were not the re-
sult of any action by Akl against *the Hospital,* even
assuming the actions were "willful or malicious."
In Akl II, III, and IV, the Hospital was not even a
defendant. How can it claim that Akl intended to
cause injury to it? Did it expect Akl to "guess" that
it would decide to jump in and defend his previous
employer and the two Nurses, among others? This
logic is absurd.

**\*10** Opp. at 62 (alterations and emphasis in Op-
position).

Assuming, as Akl contends, that the Hospital had
no legal obligation to defend the parties in *Akl II–IV,*
seeking to have the entirety of its fees declared non-
dischargeable is not evidence of bad faith. Certainly,
the Hospital had both ethical and economic reasons
for defending these suits: it is something businesses
do frequently when their employees are subject to
suits arising in the course of their employment. If
Akl, a highly-educated, sophisticated party, was
aware of this practice, the intent to injure required by
§ 523(a)(6) would be present. Accordingly, the fact
that the Hospital sought to recover fees incur in the
defense of others in and of itself does not provide an
inference of bad faith, and this basis for defeating the
Respondents' motion fails.

4. Akl's Argument that Judge Kendrick's Ruling
Alone Would Not Support the Complaint

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2011 WL 2413680 (Bkrtcy.D.Dist.Col.)
**(Cite as: 2011 WL 2413680 (Bkrtcy.D.Dist.Col.))**

Akl next contends that Judge Kendrick's ruling alone could not provide a legally sufficient basis to bring the suit and, accordingly, a complaint based solely on that ruling would lack color and provide an inference of bad faith. First, like Akl, I read the complaint to assert a broader evidentiary basis than just Judge Kendrick's rulings. But even if the complaint were limited solely to Judge Kendrick's rulings, the Respondents still had colorable arguments for finding the debt nondischargeable on this basis alone. The Hospital's reply to Akl's opposition to the motion for summary judgment in the proceeding set forth several colorable arguments that Judge Kendrick's written order sanctioning Akl incorporated his oral ruling and that the order was entitled to collateral estoppel effect. These arguments are not so plainly frivolous to give rise to an inference of bad faith and, accordingly, this basis for denying the Respondents' motion for summary judgment likewise fails.

### 5. Akl's Argument that the Circuit Court Ruling Was Obtained by Fraud

Akl's fifth argument is that the Hospital knew the judgment against him was obtained by fraud and, therefore, this suit was, by extension, in bad faith. This harkens back to what can only charitably be described as Akl's conspiracy theory of an extra-judicial agreement between the Hospital, its attorneys, and two reputable judges in the Circuit Court. I have examined the hundreds of pages Akl attached to his opposition that he contends evidence this conspiracy to thwart his access to the courts, and his contentions in this regard are at best conclusory. Moreover, even if Akl had set forth a plausible basis for his conspiracy theory, this argument is barred by the *Rooker–Feldman* Doctrine. *See Akl v. Swersky*, No. 1:06–cv00964 (E.D. Va. filed Dec. 22, 2006). Accordingly, this is an insufficient basis for defeating the motion for summary judgment.[FN7]

FN7. Akl also argues in this section of his response that the Circuit Court judgment was void because the court did not have jurisdiction to award attorneys' fees for *Akl IV*, the federal court proceeding. Accordingly, Akl continues, this adversary proceeding was brought in bad faith. There are two problems with this argument. First, Akl appealed the Circuit Court decision to at least the Virginia Supreme Court, which affirmed Judge Kendrick's award. Thus, subject matter jurisdiction has been conclusively determined for purposes of this proceeding and is not subject to collateral attack. Second, even assuming that judgment were void, the Hospital still had a right to file a nondischargeability action and have this court determine that any claim that it had, whatever that claim was ultimately fixed at, was nondischargeable.

### 6. Akl's Argument that the Proceeding Was Brought in Bad Faith Because Potter and the Hospital Knew They Could Only Reach Summary Judgment

**\*11** Akl's sixth argument is that the Hospital and Potter brought this adversary proceeding knowing that they could only reach summary judgment, and, thus, the proceeding was commenced in bad faith. As evidence of this Akl cites to the Hospital's Rule 26 disclosure where it stated that "[b]ecause ... this case involves a question of law, the Hospital believes that there are no fact issues ." [FN8] This disclosures, Akl concludes, "demonstrates their state of mind at the time of filing of the Complaint—that if they lose on summary judgment, they will have to dismiss the case because they simply cannot 'go beyond' Judge Kednrick's ruling to demonstrate willfulness or malice because there was none." Opp. at 70. This argument fails because it reads too much into the disclosure and, in any event, does not provide a reasonable inference of bad faith.

FN8. Importantly, as Akl notes, the Rule 26 disclosure further stated "[i]f, however, the Hospital is required to go beyond the court's above-referenced rulings to prove anything, then the public record alone in the litigation with Dr. Akl would demonstrate that he acted maliciously in prosecuting his claims against the Hospital."

All that the Hospital's disclosures demonstrate is its belief that it had a chance to prevail on Judge Kendrick's oral ruling alone. Nothing in the Respondents' disclosure shows that they could not "go beyond" the oral ruling to prove Akl's bad faith. Indeed, the same disclosure Akl relies on to show the Hospital's bad faith belies this point: the Hospital also stated that if Judge Kendrick's ruling was insufficient, then it would rely on the public record. Opp. at 71. This would include not only Akl's filings in the Virginia proceedings, but transcripts of proceedings be-

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2011 WL 2413680 (Bkrtcy.D.Dist.Col.)
(Cite as: 2011 WL 2413680 (Bkrtcy.D.Dist.Col.))

fore those courts, orders issued by those courts, and discovery requests and responses filed in those proceedings.

Further, even if the Respondents commenced this adversary proceeding intending to proceed no further than summary judgment, that alone is not indicative of bad faith. For this conclusion to follow, Akl would need some evidence that the motion for summary judgment itself were filed in bad faith, *i.e.,* that it had no colorable basis in fact or law or other evidence of the Respondents' subjective bad faith. As I explain below, however, Akl has come forward with insufficient evidence in this regard. Moreover, even if Akl's theory were true, it would only be indicative of the Hospital's desire to avoid extensive litigation and expenses, not that the proceeding was filed in bad faith. Indeed, if the Respondents were truly intent on harassing Akl, they would have continued to prosecute the complaint to completion, running up thousands of dollars in legal fees. For these reasons, Akl's sixth argument also fails to defeat the Respondents' motion for summary judgment as to the **inherent** authority **sanctions** claim for commencing this proceeding.

### 7. Akl's Argument that Obtaining the Circuit Court Judgment After the Automatic Stay Went Into Effect Shows Bad Faith

Akl's seventh basis for denying the Respondents' motion for summary judgment as to the **inherent** authority **sanctions** claim for filing the complaint is that the judgment order issued on May 18, 2007, was obtained in violation of the automatic stay. Opp. at 72. Akl commenced the chapter 7 case underlying this adversary proceeding on May 17, 2007, and alleges in his opposition that the Hospital had knowledge of the filing prior to obtaining the May 18, 2007, judgment order. Akl does not explain, however, and I fail to see, how this provides an inference of bad faith.

**\*12** The May 18, 2007, judgment order was to correct clerical mistakes in the original October 2, 2006, order. The Hospital had moved for this order prior to Akl having filed for bankruptcy, Akl Appx. ¶ 30, and Akl does not allege that the the Hospital did anything to obtain the order after the stay was in effect. The connection between the Circuit Court having signed a clerical order the day after Akl commenced his case with no evidence that it was signed

at the Hospital's urging and the Respondents having commenced this adversary proceeding is too tenuous to provide an inference of bad faith and, accordingly, fails to defeat the Respondents' motion.

### 8. Akl's Argument that the Delay in Filing the Complaint Shows Bad Faith

Akl eighth argues that the Hospital did not care about recovering on its claim, which shows that the proceeding was instituted in bad faith. In support of the argument, Akl alleges that Potter attended the meeting of creditors and had not commenced this adversary proceeding as of the last day to file nondischargebility complaints. On that day, Akl continues, Potter asked Akl's bankruptcy counsel for an extension so he could ask the Hospital whether it wanted to pursue this action. In requesting the extension, Akl states that Potter represented to Akl's attorney that the Hospital had not been returning his calls on the issue. Finally, after Akl's attorney granted the extension, the Hospital waited until the last day to file the complaint commencing this proceeding. Taken together, Akl concludes, these facts show that the Hospital was not interested in collecting the debt but solely in harassing him.

As an initial matter, Akl's statement of what his attorney heard from Potter is not competent evidence to defeat a motion for summary judgment: Akl has filed no affidavit to this effect and, in any event, it is hearsay. Further, Akl's conclusion based on these facts is not reasonable. Perhaps the Hospital was evaluating whether it wanted to subject itself to further litigation with Akl. Perhaps it was weighing whether the amount it could potentially recover from Akl was worth the expense. Perhaps it got lost in the shuffle of an organization that, quite likely, had more important things to attend to. The point is, there are many reasonable explanations for why the Hospital waited to file this proceeding, none of which support a finding of bad faith. Akl's unsupported inference otherwise is insufficient to defeat the motion.

### 9. Akl's Argument that the Failure to Pursue the Adversary Proceeding After I Denied Summary Judgment Shows Bad Faith

Akl ninth argues, similarly, the Hospital's dismissal of the adversary proceeding after I denied its motion for summary judgment shows that this proceeding was commenced in bad faith. Opp. at 72. Again, though, this is not a reasonable conclusion

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2011 WL 2413680 (Bkrtcy.D.Dist.Col.)
**(Cite as: 2011 WL 2413680 (Bkrtcy.D.Dist.Col.))**

based on the facts. The most that a reasonable finder of fact could conclude from this is that the Hospital thought the adversary proceeding was only worth pursuing if it could obtain judgment without going through the hassle of discovery. Although the Hospital was mistaken in its belief that it could obtain summary judgment on Judge Kendrick's rulings alone, this does not amount to bad faith. For Akl's conclusion to follow, there would need to be evidence that the Hospital and Potter knew that the motion for summary judgment would not succeed. Akl has come forward with insufficient evidence that could lead a finder of fact to that conclusion and, accordingly, this argument also fails.

### 10. Akl's Argument that the Hospital's Failure to Submit a Declaration with the Summary Judgment Motion as to Sanctions Shows Bad Faith

**\*13** Akl's tenth basis for defeating the Respondents' motion for summary judgment on Akl's **inherent** authority **sanctions** claim for filing the complaint is that the Hospital did not submit a declaration denying Akl's allegations with that summary judgment motion.[FN9] Opp. at 73. This, Akl contends, shows that no agent for the Hospital is willing to be named responsible for the Hospital's actions, which leads to an inference of bad faith. This argument fails for two reasons. First, it is Akl's burden to show that the proceeding was commenced in bad faith. The Hospital need only note the absence of material evidence of bad faith, which it has repeatedly done, and then Akl bears the burden of showing a material fact in dispute. Second, even assuming that Akl's conclusion that no Hospital agent is willing to be held responsible for the Hospital's actions follows is true, this does lead to a reasonable inference of bad faith. It is undisputed that Akl has commenced numerous suits against many of the Hospital's employees. The reasonable inference from these facts is that no Hospital employee would want to subject himself to another potentially frivolous lawsuit.

> FN9. Patrick Potter, the Hospital's attorney, was the only Respondent to submit a declaration with the motion for summary judgment regarding sanctions.

### 11. Akl's Argument that Potter's Statements on January 1, 2011, Show Bad Faith

Akl penultimately contends that several statements by Potter at a hearing before this court on

January 11, 2011, provide further inferences of bad faith. Opp. at 73–75. First, Akl points to Potter's characterization of the adversary proceeding and the motion for summary judgment as limited to stating that Judge Kendrick's "sanctions ruling was, as a matter of law, nondischargeable." Tr. at 7 (Dkt. No. 201). Akl contends, similarly to his first argument, that the complaint was broader than this—that the complaint stated he acted wilfully and maliciously in the "previous suits" and that Judge Kendrick's order was only one basis for the suit—and Potter's mischaracterization show bad faith. As I stated above, Akl is correct about the scope of the complaint, but Potter's statement does not provide a reasonable inference of bad faith. Again, Judge Kendrick's ruling is clearly the thrust of the complaint, but it is not limited to just that ruling. Given the history of this proceeding (dismissal after I denied a summary judgment motion focused solely on Judge Kendrick's order), it is unsurprising that Potter focused on just that ruling. His statement in this regard does not show bad faith.

Next, Akl contends that Potter's statements at the January 11, 2011, hearing that he alone had made the legal decision to file the complaint, not attorney McTavish, and that he was not even sure McTavish had seen the complaint prior to arguing the motion to quash before this court were unbelievable and, thus, provide an inference of bad faith. In support of his contention that Potter's statements were unbelievable, Akl notes that McTavish signed the certificates of service for the Rule 26 disclosure, signed the responses to interrogatories, and argued the motion to quash. First, I do not find these statements unbelievable. As Akl is aware, McTavish is not a bankruptcy lawyer. It is unsurprising that Potter, a bankruptcy specialist, would handle the nondischargeability complaint, a bankruptcy-specific issue, while delegating to McTavish discovery-related matters, a general litigation issue. The fact that McTavish signed certificates of service for discovery matters or argued a motion to quash does not lead to a reasonable inference that Potter's statements were false. Second, even assuming the statements were false, they do not show that the complaint was filed in bad faith. At most, they show that Potter was taking responsibility for documents that he filed and advocated before this court, a stance consistent with his position as a bankruptcy partner at the firm.

**\*14** Third, Akl contends that the following

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2011 WL 2413680 (Bkrtcy.D.Dist.Col.)
(Cite as: 2011 WL 2413680 (Bkrtcy.D.Dist.Col.))

statement by Potter during the hearing shows bad faith because whether McTavish was a bankruptcy lawyer was irrelevant since the complaint dealt with the entire record in the previous litigation:

> After all that, then the Court asked, "Well, if you can't"—the way I understood it was, "If you can't rely upon this, then what else are you going to rely upon?" So you have a non—Ms. McTavish is not a bankruptcy lawyer. You have a non-bankruptcy lawyer who was here as a litigator, prepared to litigate a discovery dispute, being asked by the Court, fairly or unfairly, it is what it is, "What else are you going to rely upon if you can't rely upon this?" And she did her job. She did the best she could.

I do not see how this provides an inference that the complaint was filed in bad faith, and Akl makes no arguments in this regard. Without more, these statements are insufficient to defeat the Hospital's and Potter's motion for summary judgment.[FN10]

> FN10. Also in this section of his response, Akl states that shortly after they filed this adversary proceeding, the Hospital and its counsel filed a complaint with the counter-terrorism unit of the FBI. Akl presents no evidence to substantiate this claim. Therefore it is insufficient to provide an inference of bad faith and insufficient to defeat the motion.

12. Akl's Argument that the Respondents' Blanket Denials Show Bad Faith

Finally, Akl contends that the ultimate demonstration of the Hospital's and Potter's bad faith is that they have failed to address the specific evidence Akl submitted in his motion for sanctions. While, to be sure, the Hospital and Potter have not addressed each part of Akl's motion in their moving for summary judgment or in otherwise responding to the motion, that does not provide an inference of bad faith. Akl's sanctions motion, including exhibits, was 324 pages long, all in unnumbered paragraphs. The motion was at times rambling, littered with irrelevant information, and took this court many hours to decipher. Moreover, this proceeding is, at its base, collateral litigation. The Hospital and Potter were well justified in taking the approach they chose in addressing Akl's motion for sanctions. As the burden is on Akl to demonstrate their bad faith, a blanket denial coupled

with several defenses was sufficient and not in any way indicative of bad faith. Accordingly, this final argument also fails.

\* \* \*

Viewing the evidence advanced by Akl in the aggregate does not support a reasonable inference of bad faith. Regardless of whether the complaint is read as based solely on Judge Kendrick's orders and oral ruling or is read more expansively to include the entire record of the litigation, Judge Kendrick's order alone provides the Hospital and Potter with a good faith basis for commencing this adversary proceeding. If the complaint is limited just to Judge Kendrick's order and oral ruling, then the fact that the Respondents were mistaken as to the collateral estoppel effect to which the order and ruling were entitled is at most negligent. But for **sanctions** under the court's **inherent** authority bad faith is required. None of the circumstantial evidence Akl presents in his response, even when taken in the aggregate, shows more than negligence on the Hospital's and Potter's part. Alternatively, if the sanctions motion is really based on the entire record in the Virginia proceedings, as Akl contends and I, as set forth above, agree, then Judge Kendrick's orders and oral ruling provide a plausible basis for finding that the other proceedings that were not before him were also willful and malicious. This is the case notwithstanding the fact that Judge Kendrick might have exceeded his authority in opining on sanctions under Virginia Code § 8.01–271.1 for proceedings not before that court. There is a plausible argument that Akl's bad faith in one proceeding extended to other proceedings against defendants related to the Hospital.

**\*15** For these reasons, I will grant the Hospital's and Potter's motion for summary judgment as to Akl's **inherent** authority **sanctions** claim for the filing of the complaint.

B
**Sanctions** under the Court's **Inherent** Authority for the Motion for Summary Judgment

The Hospital and Potter next move for summary judgment on Akl's **inherent** authority **sanctions** claim for filing the motion for summary judgment. Like the complaint, the Hospital and Potter argue that judgment on this sanctions claim is appropriate because Akl has failed to adduce any evidence that the

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2011 WL 2413680 (Bkrtcy.D.Dist.Col.)
**(Cite as: 2011 WL 2413680 (Bkrtcy.D.Dist.Col.))**

motion was filed for an improper purpose or that it did not otherwise have a colorable basis.

As to improper purpose, Potter avers that respondents filed the motion in good faith, Potter Decl. ¶ 8, and that is was not filed "to harass, cause delay or for any other improper purpose," Potter Decl. ¶ 9. Left undisputed, as the Hospital and Potter contend, this would establish an absence of evidence of subjective bad faith regarding the filing of the motion for summary judgment. As to objective evidence of bad faith, the Hospital and Potter argue that summary judgment is warranted because the motion had a colorable basis in fact and law: "Judge Kendrick specifically found that Akl violated Virginia's sanctions statute. Further, Judge Kendrick enjoined Akl from filing further lawsuits against the Hospital in Virginia state courts." Motion at 14.

In his opposition, Akl sets forth several bases for denying the Hospital's and Potter's motion for summary judgment. I will again address each in turn.

Akl first argues, citing to my April 21, 2010, opinion, that the summary judgment motion is in bad faith because it was brought under a complaint that was filed in bad faith. Opp. at 76. As I found above, however, Akl has failed to produce sufficient evidence showing that the complaint was filed in bad faith. Accordingly, this argument fails, and Akl bears the burden of producing evidence showing a dispute of material fact as to whether the summary judgment motion standing on its own was filed in bad faith, independent of the complaint.

Akl next argues that the court should deny the motion because the Circuit Court orders the Hospital relied on in its motion were clearly limited to a contractual award,[FN11] not an award under Va.Code § 8.01-271.1, and the Hospital's tortured reading of those orders to encompass an award under § 8.01-271.1 is evidence of its bad faith:

FN11. The October 2, 2006, Circuit Court order provided as follows:

UPON CONSIDERATION of the Defendants' motion for sanctions and accompanying bill of particulars, Plaintiff's opposition thereto, oral argument and evidence presented to the Court on October 2, 2006,

and the entire record in this case, it is this 2nd day of October 2006, by the Circuit Court for the County of Arlington,

ORDERED, that pursuant to the contract entered into between Plaintiff and Defendant Virginia Hospital Center–Arlington (the "Hospital"), Defendants' motion for costs and reasonable attorney's fees is GRANTED; And it is further

ORDERED, that Plaintiff be required to pay the Hospital the costs and reasonable attorney's fees that the Hospital incurred in the defense of actions relating to his clinical privileges, in the amount of $616,114.41.

The May 18, 2007, Circuit Court judgment order provided as follows:

UPON CONSIDERATION of Virginia Hospital Center–Arlington Health System's (the "Hospital" motion to correct clerical mistakes in this Court's October 2, 2006 Order in this case regarding Defendants' motion for sanctions and accompanying bill of particulars, Plaintiff's opposition thereto, oral argument and evidence presented to the Court on October 2, 2006, and the entire record in this case, it is this 18th day of May, 2007, by the Circuit Court for the County of Arlington,

ORDERED, that the Hospital's motion to correct clerical mistakes is granted;

ORDERED, that, as noted in this Court's October 2, 2006 Order, pursuant to the contract entered into between Plaintiff, Ziad Akl, M .D., F.A.C.P., and Defendant Virginia Hospital Center–Arlington Health System, the motion for costs and reasonable attorneys' fees is GRANTED; and it is further

ORDERED, that on October 2, 2006, this Court awarded the Virginia Hospital System–Arlington Health System a money judgment in the amount of $616,114.41

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2011 WL 2413680 (Bkrtcy.D.Dist.Col.)
**(Cite as: 2011 WL 2413680 (Bkrtcy.D.Dist.Col.))**

[Footnote continues on next page] against Ziad Akl, M.D., F.A.C.P. Dr. Ziad Akl's address of record is 4400 East–West Highway, # T112, Bethesda, MD 20814. The judgment bears interest from the date of the original judgment, October 2, 2006.

Despite these facts, in their reply in support of their MSJ (Dkt. No. 13), Respondents made a tortuous argument, intended to torture the Order that 1) because the second decretal paragraph mentions neither breach of contract nor sanctions as a basis for ordering that Akl pay the hospital costs and reasonable attorneys' fees; 2) because "certainly" the same paragraph does not state that it is premised solely on the contents of the second decretal paragraph; and 3) nothing in the latter states that it is limiting the basis for the second decretal paragraph; the only sensible conclusion to be drawn from the Order is that it means "what it says"—i.e., that it is based upon Defendants' "motion for sanctions" and "the entire record in the case," "which includes the bench ruling of Judge Kendrick, earlier that same day, imposing sanctions on Akl." In a footnote, Respondents noted that they attached the Judgment Order, and that it added nothing to the discussion. From the foregoing, the conclusion that can be drawn from Respondents' assertion is that if an order awards a party a certain amount of money and provides a basis for it in a certain paragraph, the paragraph determining the amount is an independent paragraph that, in order to be based solely on what was cited in the previous paragraph, has to re-specify the basis for the award and has to explicitly limit the award to the basis cited in the previous paragraph—otherwise there can be any number of bases for the award. This argument is beyond absurd and reeks of bad faith. Worse, it was counsel for the defendants who prepared both the Order and the Judgment Order and argued that the contract constituted a sufficient basis for awarding the money and that there was no need to reach the issue of statutory sanctions at the hearing of October 2, 2006. Ex. 34 at 6:3–17. No reasonable trier of fact could believe that counsel intended to base the monetary award on both the contract and the Virginia statute, and that to achieve that, they omitted, twice, to specify that the statute was also a basis for the award, simply relying on the facts that unless the second decretal paragraph re-specifies the basis for the award and explicitly limits the award to the basis cited in the previous

paragraph, it is based on all reasons advanced in their motion.

**\*16** Response at 78–79. While the Hospital's and Potter's reading of Judge Kendrick's orders might have been a stretch, the reading is not "tortured," does not "reek[ ] of bad faith," and does not otherwise provide a reasonable inference that Potter and the Hospital filed the motion in bad faith.

Judge Kendrick's written order was a proposed order prepared by counsel for the Hospital. Opp. at 78. Moreover, Judge Kendrick signed the order moments after having found that Akl violated Virginia Code 8.01–271.1 and barred him from filing any further cases in the Circuit Court. As I acknowledged at the hearing on the Hospital's motion for summary judgment on the nondischargeability complaint, Judge Kendrick's order was ambiguous. Tr. at 12. This ambiguity coupled with Judge Kendrick having opined on the propriety of awarding sanctions under Virginia Code § 8.01–271.1 just moments earlier provided the Respondents with a reasonable basis for having the court determine that the written order encompassed a sanctions determination. Accordingly, this basis for defeating the motion also fails.

Akl next argues that Potter's failure to recite the elements of collateral estoppel in his motion for summary judgment is evidence that it was filed in bad faith "because a superficial review of those elements would immediately defeat his motion under the third element." Opp. at 81–82. Akl further notes that Potter was aware of the elements, as shown by his argument in the motion that the sanctions claim was actually litigated, but failed to address the determinative issue, the third prong of the collateral estoppel test, that the factual issue was essential to the judgment. Potter's failure to cite these elements, Akl concludes, was "clearly intentional and denote[d] bad faith." Opp. at 83.

Akl is correct in that the Respondents' motion for summary judgment on the nondischargeability complaint focused solely on the second prong of the collateral estoppel test cited by Akl—whether the party had a full and fair opportunity to litigate the issue, Motion for Sum. Jgmt. at 8 (Dkt. No. 13)—but this does not lead to a reasonable inference of bad faith. A party moving for summary judgment is entitled to frame its motion however it sees fit: no mechanical, formulaic recitation of the elements of a cause of

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2011 WL 2413680 (Bkrtcy.D.Dist.Col.)
**(Cite as: 2011 WL 2413680 (Bkrtcy.D.Dist.Col.))**

action or legal test is required. Indeed, briefs in support of motions for summary judgment frequently focus only on the issues which the moving party believes are in serious dispute. And, although I found the third prong of Virginia's collateral estoppel test important, the Respondents' failure to discuss it in their brief in support of their motion for summary judgment at most leads to only an inference of negligence, not bad faith. Moreover, as their reply to Akl's opposition to the motion for summary judgment demonstrates, the Respondents put forth several good faith arguments that Judge Kendrick's oral ruling and orders were entitled to collateral estoppel effect and met the third prong of Virginia's collateral estoppel test. The mere fact that the Respondents failed to include these arguments in their memorandum in support of the motion for summary judgment is only indicative of their failure to sufficiently research the relevant case law prior to filing the motion, which, again, at most would show negligence. Further, as I similarly observed above, if the Respondents were truly intent on harassing Akl, as he alleges in his sanctions motion, they could have submitted a lengthy memorandum in support, detailing each element of collateral estoppel and thereby forcing Akl's reply in kind and the resulting increase in his legal fees. Potter's failure specifically to enumerate the elements of collateral estoppel was not an attempt to mislead the court on a test of which it is well aware, and Akl's arguments and evidence do not otherwise lead to a reasonable inference of bad faith. For these reasons, Akl's third basis for defeating the Respondents' motion for summary judgment on Akl's **inherent** authority **sanctions** claim for the motion for summary judgment as to the nondischargeability complaint fails.

**\*17** Finally, and related to his third argument, Akl argues that Potter's unfamiliarity with *Loudoun Hospital Center v. Stroub*, 50 Va.App. 478, 492 (2007), at the hearing on the Hospital's motion for summary judgment as to the dischargeability complaint is further evidence of the Respondents' bad faith. Specifically, Akl notes that *Loudoun* was the only case he cited in his opposition setting forth Virginia's collateral estoppel standard and that Potter ignored the case and instead focused on "irrelevant arguments concerning the First and Second Restatement of Judgments." Opp. at 84–85. These arguments, however, were not irrelevant and, accordingly, do not demonstrate bad faith.

Whether collateral estoppel applied depended directly on whether Virginia had adopted the First or Second Restatement view as to whether alternative grounds for a judgment satisfied the third prong of the four-prong test set forth in *Loudoun. Whitley v. Commonwealth*, 260 Va. 482 (2000), the case cited by the *Loudoun* Court for the collateral estoppel test, cites to *Bates v. Devers*, 214 Va. 667 (1974), as the modern origin of the Virginia collateral estoppel test. Importantly, *Bates* cites to the First Restatement of Judgments for the following proposition: "Collateral estoppel is the preclusive effect impacting in a subsequent action based upon a collateral and different cause of action. In the subsequent action, the parties to the first action and their privies are precluded from litigating any issue of fact actually litigated **and essential** to a valid and final personal judgment in the first action." *Id.* at 671 (emphasis added). Comment n to Section 68 of the First Restatement of Judgments, in turn, provides that when a judgment is founded on alternative grounds, it is preclusive as to both:

> Where the judgment is based upon the matters litigated as alternative grounds, the judgment is determinative on both grounds, although either alone would have been sufficient to support the judgment. Thus, if the defendant interposes two defenses on each of which issue is taken, and both of the issues are found in favor of the defendant, a judgment for the defendant is not based on one of the issues more than on the other; and it must be said either that both are material to the judgment or that neither is material. It seems obvious that it should not be held that neither is material, and hence both should be held to be material. Where the trial court bases the judgment upon two alternative grounds, and an appellate court affirms the judgment solely on one of the grounds, the judgment is not conclusive in a subsequent action in which the other ground is in issue.

First Restatement of Judgments § 68, cmt. n. Which Restatement of Judgments applied was a central issue in determining whether collateral estoppel applied and, accordingly, Potter's focus on it at the hearing on the Hospital's summary judgment motion was appropriate and in no way indicative of bad faith. Accordingly, this basis for defeating the motion likewise fails.

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2011 WL 2413680 (Bkrtcy.D.Dist.Col.)
(Cite as: 2011 WL 2413680 (Bkrtcy.D.Dist.Col.))

**\*18** Akl having failed to come forward with sufficient evidence demonstrating that the the Hospital's motion for summary judgment on its nondischargeability complaint was filed in bad faith, summary judgment as to Akl's **inherent** authority **sanctions** claims for the filing of the motion is appropriately granted.

C

Sanctions Under § 1927 for the Motion for Summary Judgment

The Respondents last move for summary judgment as to Akl's motion for sanctions under § 1927 against Potter for filing the motion for summary judgment on the Hospital's nondischargeability complaint.

Section 1927 of Title 28 of the United States Code provides that "any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." *Id.* The purpose of § 1927 is to allow the court "to assess attorneys' fees against an attorney who frustrates the progress of judicial proceedings." *United States v. Wallace, 964 F.2d 1214, 1217 (D.C.Cir.1992).* As observed in *Wallace, 964 F.2d at 1220–21* (footnote omitted):

Where courts have employed section 1927, the attorney's behavior has been repeated or singularly egregious. For example, in *Fritz v. Honda Motor Co., 818 F.2d 924 (D.C.Cir.1987),* this court upheld section 1927 sanctions where the attorney "repeatedly took actions which required [the defendant] to expend unnecessary time and money, even though he had no intention of pursuing this litigation." *Id.* at 925; *see also Julien v. Zeringue, 864 F.2d 1572, 1575–76 (Fed.Cir.1989)* (sanctioning attorney who "continually missed deadlines, requested at least 10 extensions of time to file his briefs, and submitted a joint appendix 11 months after he was given extensive and explicit instructions"); *Thomas v. Capital Sec. Servs., Inc., 836 F.2d 866, 875 (5th Cir.1988)* (en banc) ("section 1927 imposes a continuing obligation on attorneys by prohibiting the persistent prosecution of a meritless claim"); *Toombs v. Leone, 777 F.2d 465, 471–*

72 (9th Cir.1985) (counsel sanctioned for deliberately failing to meet pretrial brief deadline and then filing, on morning of trial, 148–page trial brief and 34–page exhibit list).

Before imposing sanctions on an attorney under § 1927, the court must evaluate whether the attorney's conduct has been "*at least* reckless [.]" *Wallace, 964 F.2d at 1217* (emphasis in original). Accordingly, "inadvertent, and negligent acts will not support an imposition of sanctions under section 1927." *Wallace, 964 F.2d at 1219 (quoting Cruz v. Savage, 896 F.2d 626, 631 (1st Cir.1990)); see also Healey v. Labgold, 231 F.Supp.2d 64, 68 (D.D.C.2002)* ("A showing that counsel's behavior has been unreasonable and vexatious requires more than a showing of negligence. Instead, it requires a showing of deliberate action in the face of a known risk, the likelihood or impact of which the actor inexcusably underestimates or ignores.") (citations and internal quotations omitted).

**\*19** Such conduct that recklessly multiplies the proceedings in an unreasonable fashion is adequate to warrant a finding of vexatiousness under § 1927. *Reliance Ins. Co. v. Sweeney Corp., Md ., 792 F.2d 1137 (D.C.Cir.1986).* In *Reliance Ins.,* the Court of Appeals stated:

While the language of § 1927 suggests deliberate misbehavior, subjective bad faith is not necessary; attorneys have been held accountable for decisions that reflect a reckless indifference to the merits of a claim. *In re TCI Ltd., 769 F.2d 441, 445 (7th Cir.1985).* We adopt these standards in the case at bar.

792 F.2d at 1138. That holding makes sense. The court already has authority pursuant to its **inherent** authority to **sanction** bad faith conduct, and § 1927 would add nothing if it requires a showing of bad faith. *See Jones v. Continental Corp., 789 F.2d 1225, 1230 (6th Cir.1986).*

The Court of Appeals later expressed the view that the law in the D.C. Circuit is unsettled as to whether a court must find subjective bad faith or merely recklessness to impose sanctions under § 1927. *See Wallace, 964 F.2d at 1218–19.*[FN12] However, the only D.C. Circuit decision cited in *Wallace* as suggesting that § 1927 requires subjective bad

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2011 WL 2413680 (Bkrtcy.D.Dist.Col.)
**(Cite as: 2011 WL 2413680 (Bkrtcy.D.Dist.Col.))**

faith was *Hilton Hotels Corp. v. Banov*, 899 F.2d 40, 45 n. 9 (D.C.Cir.1990). Rule 11 sanctions, not § 1927 sanctions, were at issue in *Hilton Hotels*. The suggestion in *Hilton Hotels* (relegated to a footnote) was thus mere dictum, and is not enough to overturn the holding of *Reliance Ins. Co.*[FN12] I have viewed myself as bound to follow the holding of *Reliance Ins. Co. See In re Greater Southeast Comm. Hosp. Corp., I,* 2010 WL 3123086, at *1–2 (Bankr.D.D.C. August 9, 2010).

> FN12. *See also LaPrade v. Kidder Peabody & Co.,* 146 F.3d 899, 905 (D.C.Cir.1998), *cert. denied,* 525 U.S. 1071 (1999) (citing *Wallace* for this proposition).

> FN13. The holding in *Reliance Ins. Co.* was viewed as being a holding, not dictum, by at least one commentator. *See* Josselyn, *The Song of the Sirens–Sanctioning Lawyers under 28 U.S.C. § 1927,* 31 B.C. L.Rev. 477, 489 (1990).

If only a showing of recklessness is needed for § 1927 sanctions, a party must demonstrate the opposition made a "conscious choice of a course of action, either with knowledge of the serious danger to others involved in it or with knowledge of facts which would disclose this danger to any reasonable man." *Wallace,* 964 F.2d at 1220 (quoting *Restatement (Second) of Torts,* § 500 cmt. G (1964)). This standard is a higher bar than negligence, which "consists in mere inadvertence, incompetence, unskillfulness, or a failure to take precautions to enable the actor adequately to cope with a possible or probable future emergency." *Id.*

The standards of bad faith and recklessness are similar and distinguishable; although both involve a general, deliberate action in the face of a risk, a bad faith actor intends the "bad" consequence to come about, such as the needless delay of proceedings, whereas a reckless actor knows of but is indifferent to the risk of the "bad" consequence. *See id.* at 1219–20.

In the motion for summary judgment, Potter contends that judgment in his favor on this claim is appropriate because a colorable motion for summary judgment filed early in the case could not, as a matter of law, have multiplied proceedings. Mem. at 16. I

agree with Potter and, accordingly, address whether the motion had a colorable basis.

**\*20** The Hospital's motion for summary judgment on its nondischargeability complaint was, in Potter's own words, a simple motion: "[ It's] very simple. [ It] say[s] that Judge Kendrick, the state court judge in Virginia, issued a sanctions ruling against Dr. Akl, and that that sanctions ruling was, as a matter of law, nondischargeable. That's all [it] say[s]." Tr. 1/11/2011 hearing at 7 (Dkt. No. 201). While factually Potter's statement is correct, legally, the motion presented several complicated issues.

First, the motion required the court to determine whether Judge Kendrick had actually found Akl violated Virginia Code § 8.01–271.1. Tr. 3/12/2008 hearing at 5. Judge Kendrick's written orders of October 2, 2006, and May 18, 2007, that the Hospital relied upon in its motion for summary judgment as to its nondischargeability complaint provided, respectively, that attorney's fees were granted "pursuant to the contract entered into between Plaintiff and Defendant Virginia Hospital Center–Arlington ...." and "pursuant to the contract entered into between Plaintiff, Ziad Akl, M.D., F.A.C.P., and Defendant Virginia Hospital Center–Arlington Health System," with no mention of Virginia Code § 8.01–271.1. To get over this hurdle, Potter argued at the hearing on the motion that the orders were ambiguous and included Judge Kendrick's oral ruling finding that Akl had violated Virginia Code § 8.01–271.1:

> [T]he order indicates it's based upon the motion for sanctions. It goes on to say it's based upon the opposition, the oral argument, the evidence presented to the Court, and the entire record in the case, which would include, by definition, the Judge's bench ruling made earlier the very same day that this was—this order was entered
>
> That is the premise upon which this order was entered. We believe a fair interpretation of the order is that the Judge is incorporating those items, including the record, including the Judge's bench ruling earlier that same day, and acknowledge that the second paragraph in the order, the first ordered paragraph, indicates that it is granting motion for costs pursuant to contract.
>
> And then the final paragraph, Your Honor, is not

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2011 WL 2413680 (Bkrtcy.D.Dist.Col.)
**(Cite as: 2011 WL 2413680 (Bkrtcy.D.Dist.Col.))**

limited in any fashion. It's not limited by the preceding ordered paragraph, and the preceding order paragraph doesn't impose any limitations based upon the—The preceding order paragraph doesn't in some way indicate that it's affecting or limiting the final ordered paragraph.

*Id.* at 7. Ultimately, I disagreed with Potter on this issue and found that the judgment "rest[ed] upon breach of contract or a contractual entitlement to attorney's fees and reasonable—and costs, and not a judgment that rests upon violation of the Virginia statute." *Id.* at 64.

Second, even if the orders did encompass Judge Kendrick's oral ruling that Akl had violated Virginia Code § 8.01–271.1, the motion next required the court to determine whether the oral ruling established that the debt was a nondischargeable debt under § 523(a)(6) of the Bankruptcy Code. Potter argued that Judge Kendrick's unambiguous language established that it was:

*21 I think that if you look at this from a plain English, and a sort of logical structure of the way it is said, the Court is—Judge Kendrick is stating that this statute was designed to do certain things. It may have been designed to do things or to protect parties in interest beyond those described by Judge Kendrick, and he lists them out.

To prevent mental anguish. To prevent expense caused by frivolous assertions, by unfounded—by the making of unfounded facts, by the making of unfounded legal claims, and claims for—making claims for improper purposes, and to protect this Court, as the Virginia Court, from those who would abuse the judicial process.

He's giving a—I read this as him giving a litany of things that he's picking out of the statute for which it's designed, and then he comes in the next sentence and says after an exhaustive review of the record he finds that Dr. Akl has violated the very nature and basis for which this code section was designed and implemented.

I read that as, "I gave you a list of things that are on my mind," in terms of what the statute is designed to protect against, and he's violated those— every one of those items, every one of them ."

....

I—I've—It's pretty clear that he's frustrated, he's upset. He has—He's reviewed a record. He has knowledge of the facts. He's articulating, quite well, a litany of standards, and clearly is saying that those standards have all been—In my view, he's clearly saying that all those standards have been violated.

*Id.* at 16. I rejected this argument, however, and found even if Judge Kendrick had made a determination that Akl violated Virginia Code § 8.01–271.1 that finding could have been made based on a lack of "adequate factual inquiry and inadequate inquiry into whether the legal claims [were] valid," which would not make the debt a nondischargeable debt under § 523(a)(6). *Id.* at 67–68.

Finally, even if Judge Kendrick's orders encompassed his oral ruling and even if that oral ruling was sufficient to have the debt declared nondischargeable under § 523(a)(6), the final issue was whether that ruling was entitled to collateral estoppel effect. In this respect, Potter made two arguments. First, as I discussed previously, Potter contended that Virginia applied the First Restatement of Judgments. Reply Mem. at 6–9. Second, Potter argued that because Akl appealed Judge Kendrick's decision to the Virginia Supreme Court, under either Restatement's approach, Judge Kendrick's order was entitled to collateral estoppel effect. Reply mem. at 9–10. I rejected Potter's Virginia Supreme Court argument, finding that the Virginia Supreme Court never addressed the statutory sanctions issue, and I did not address the issue of which Restatement otherwise applied under Virginia law. Tr. at 64.

Potter put forth colorable legal arguments on all three issues. First, regarding the scope of Judge Kendrick's orders, Potter had a colorable basis for contending that they encompassed the oral ruling. As I observed at the hearing on the Hospital's motion for summary judgment on the nondischargeability complaint, Judge Kendrick's orders were ambiguous. *Id.* at 12. Although I resolved the ambiguity in Akl's favor, Potter's argument was not so baseless as to lead to a reasonable inference of recklessness. Second, regarding whether the oral ruling by itself established that the debt was nondischargeable, Potter's

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2011 WL 2413680 (Bkrtcy.D.Dist.Col.)
**(Cite as: 2011 WL 2413680 (Bkrtcy.D.Dist.Col.))**

contention that Judge Kendrick was "giving a litany of things that he's picking out of the statute" and that Akl had "violated those—every one of those items, every one of them" was similarly colorable. Again, although I resolved the issue in Akl's favor, Potter's interpretation of the ruling was not so unreasonable as to lead to an inference of recklessness. Finally, Potter's argument as to the collateral estoppel effect of alternative judgments in Virginia was in good faith. Particularly, Potter's reply brief demonstrates that there is an unresolved question in Virginia case law as to whether the state follows the First Restatement of Judgments or the Second Restatement. While I did not reach the issue, instead resolving the motion on the threshold question of whether Judge Kendrick's orders incorporated his oral ruling, Potter's presented a colorable argument on the collateral estoppel issue.

**\*22** Is his opposition to the Respondent's motion for summary judgment, Akl conclusorily states that under either the recklessness or bad faith standard that "the record is clear that ... a reasonable trier of fact would find that genuine issues of material facts exist necessitating a trial." Opp. at 87. But the record does not clearly show bad faith or recklessness or even provide a reasonable inference that a genuine issue of material fact exists on the issue.

As I found above, Akl has presented insufficient evidence that would allow a reasonable finder of fact to determine that there is a material fact in dispute as to whether the motion for summary judgment was filed in bad faith. Likewise, Akl has come forward with no evidence that Potter acted recklessly in filing the motion. A finding of recklessness would require that Potter made a "conscious choice of a course of action, either with knowledge of the serious danger to others involved in it or with knowledge of facts which would disclose this danger to any reasonable man." _Wallace, 964 F.2d at 1220._ Akl has presented no evidence in this regard. Moreover, Akl makes no effort to address Potter's contention that a colorable motion for summary judgment filed early in the proceeding could not, as a matter of law, multiply proceedings.

Akl having failed to produce any evidence showing that the motion for summary judgment was filed either in bad faith or recklessly, judgment in Potter's favor on the § 1927 claim is appropriate.

IV
For the foregoing reasons, I find summary judgment in favor of the Respondents on all of Akl's sanctions claims appropriate. A separate order follows.

Bkrtcy.D.Dist.Col.,2011.
In re Akl
Slip Copy, 2011 WL 2413680 (Bkrtcy.D.Dist.Col.)

END OF DOCUMENT

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| **W.A.R., LLP** | : | **Case No. 11-0044** |
| | : | **(Chapter 7)** |
| **Debtor** | : | |

<u>**ORDER**</u>

Upon consideration of the Motion of William C. Cartinhour, Jr. to Strike the Pleadings filed by Ray Connolly and to Sanction Ray Connolly, aka Raymond J. Connolly, Jr., and the Opposition thereto, it is hereby

**ORDERED**, that the Motion be and the same hereby is GRANTED; and it is further

**ORDERED**, that all pleadings and papers filed by Ray Connolly, a/k/a Raymond J. Connolly, Jr. be and the same are hereby STRICKEN; and its is further

**ORDERED**, that Ray Connolly a/k/a Raymond J. Connolly, Jr. shall pay William C. Cartinhour, Jr., c/o Patrick J. Kearney, Esquire, the sum of $_____ within _____ days of the date of this Order as a sanction for his bad faith conduct in pursuing claims where he has no standing.

Copies to:

Patrick J. Kearney, Esquire
Selzer Gurvitch
4416 East West Highway, Suite 400
Bethesda, MD 20814-4568

William Wooten, Esquire
262 German Oak Drive
Cordova, TN 38018

Ty Clevenger, Esquire
P.O. Box 4806
Bryan, TX 77805

Bryan Ross, Esquire
1800 K Street NW
Suite 624
Washington, DC 20006

Raymond J. Connolly
DIBA Group, Inc. c/o Byron Speight
135 W 26th Street, 11th Floor
New York, NY 10010

Raymond J. Connolly
280 First Ave. Apt. 8B
New York, NY 10009

Jeffrey M. Sherman, Esquire
Jackson & Campbell
1120 20th St., NW, Suite 300 South
Washington, DC 20036

Wade A. Robertson
191 E. Parkway S.
Memphis, TN 38104

**END OF ORDER**