**The document below is hereby signed.**
**Dated: July 11, 2011.**

_S. Martin Teel Jr._
**S. Martin Teel, Jr.**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

```
In re                      )
                           )
W.A.R. LLP,                )   Case No. 11-00044
                           )   (Chapter 7)
              Debtor.      )   Not for Publication in
                           )   West's Bankruptcy Reporter
```

MEMORANDUM DECISION RE
OBJECTIONS TO TRUSTEE'S REPORT OF NO DISTRIBUTION

This addresses the objections (Dkt. Nos. 103, 123, and 139)
of the debtor, Ray Connolly, and Wade A. Robertson under Fed. R.
Bankr. P. 5009(a) to the report of no distribution filed by the
chapter 7 trustee for the estate of W.A.R. LLP, Bryan S. Ross.
Those objections point to the debtor's schedules as demonstrating
that the debtor has an interest in $630,400.33 that was placed in
the registry of the United States District Court for the District
of Columbia pursuant to orders entered in _Robertson v._
_Cartinhour_, Civil Action No. 09-01642, pending in that court.

As discussed in this court's memorandum decision regarding
Ray Connolly's motion to hold William C. Cartinhour, Jr. and his

attorneys in civil contempt, the only part of the $630,400.33 that might be property of the estate is $4,611.66 in funds that had been held in the debtor's Citibank account and that were deposited in the registry of the district court. The rest of the funds had been Wade A. Robertson's (not the debtor's) pursuant to his having acquired ownership via the debtor making loans to him. Robertson's signing schedules listing those funds as estate property does not make the funds that had been lent to him the debtor's and thus estate property.[1] Accordingly, the issue is whether the trustee properly filed a report of no distribution even though $4,611.66 in funds might be property of the estate. Previously, it was:

> ORDERED that with respect to the objections to the trustee's Report of No Distribution (Dkt. Nos. 103, 123, and 139), if the debtor or Ray Connolly or Wade A. Robertson intends to continue to object to the trustee's Report of No Distribution even if only $4,611.66 of the funds that were placed in the registry of the United States District Court for the District of Columbia pursuant to orders entered in *Robertson v. Cartinhour*, Civil Action No. 09-01642, pending in that court, may be property of the estate, then:

---

[1] The debtor itself has noted that Cartinhour obtained a preliminary injunction "sequestering into the registry of the district court the monies in Robertson's accounts which were traceable to those outstanding promissory notes of the partnership" evidencing the loans to Robertson. *Supplemental Objection to the Trustee's Report of No Distribution, and Objection to Discharge of Trustee and Closing of Bankruptcy Case* (Dkt. No. 143) at 5. It points to no other source of the funds, and the district court docket reveals that (except for the $4,611.66) the funds came from accounts of Robertson, not the debtor. This admission that the funds were funds that had been lent to Robertson is fatal to the debtor's objection.

(1) by July 7, 2011, that party shall file a supplemental memorandum stating such intent to continue pressing its objection, and stating what grounds the party has for objecting to the trustee's Report of No Distribution if only $4,611.66 may be property of the estate; and

(2) on July 12, 2011, at 9:30 a.m. the court will hold an evidentiary hearing to receive evidence and to hear the arguments of counsel regarding whether the party's objection to the trustee's Report of No Distribution should be sustained.

*Amended Memorandum Decision and Preliminary Order re Objections to Trustee's Report of No Distribution* at 5-6.  None of the objecting parties filed a supplemental memorandum by July 7, 2011, stating that the party intended to continue pressing its objection if only $4,611.66 may be property of the estate. Accordingly, I will overrule the objections to the trustee's report of no distribution.

Appeals of various rulings are pending, and issues of sanctions against Connolly and potentially against others still remain to be resolved.  Nevertheless, a case should be closed when, as here, the estate has been fully administered.  11 U.S.C. § 350(a).  The closing of the case will effect a discharge of the trustee, and there is no just reason to delay his being discharged.  In addition, closing of the case will effect an abandonment of the $4,611.66, with creditors free to pursue that $4,611.66 as they see fit: there is no reason to delay the inevitable in that regard either.  Accordingly, I will close the case.  Under 11 U.S.C. § 350(b), the court is permitted to reopen

3

the case for cause, including, in this case, in order to address

the pending sanctions issues and the results of any pending

appeals, or any other appeals that may be filed.   Accordingly,

after closing the case, I will immediately reopen the case.

       An order follows.

                                   [Signed and dated above.]

Copies to: Recipients of e-notification;

Ray Connolly
c/o DIBA Group, Inc.
Attn: Byron Speight
135 W. 26th St.; 11th floor
New York, NY. 10010