**The document below is hereby signed.**

**Dated: July 8, 2012.**



_____
**S. Martin Teel, Jr.
U.S. Bankruptcy Judge**

```
             UNITED STATES BANKRUPTCY COURT
              FOR THE DISTRICT OF COLUMBIA
```

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| W.A.R. LLP, | ) | Case No. 11-00044 |
| | ) | (Chapter 7) |
| Debtor. | ) | Not for Publication in |
| | ) | West's Bankruptcy Reporter |

MEMORANDUM DECISION AND ORDER DENYING
WADE ROBERTSON'S MOTION TO COMPEL WILLIAM C.
CARTINHOUR, JR. TO PROVIDE HIS ATTORNEYS' CONTEMPORANEOUS
<u>TIME SHEETS AND BILLING RECORDS FOR THIS BANKRUPTCY CASE</u>

On May 4, 2012, the court issued an order awarding attorneys' fees in favor of William Cartinhour as a sanction against Wade Robertson for his role in the preparation and filing of frivolous papers on behalf of Ray Connolly (Dkt. No. 278). The order provided that Cartinhour was to file a statement of fees for attorney work attributable to that misconduct within 21 days after the entry of the court's order, and that Robertson was to file any objection within 21 days after Cartinhour's filing of his statement of fees. On May 21, 2012, Cartinhour filed his statement of fees.

On June 6, 2012, Wade Robertson filed his *Motion to Compel William Cartinhour to Provide His Attorneys' Contemporaneous Time*

*Sheets and Billing Records* (Dkt. No. 312).  That motion will be denied.

I

In his motion to compel, Robertson argues that Cartinhour's statement of fees improperly includes only a summary of time entries relating to fees sought rather than the contemporaneous time records maintained by Cartinhour's attorneys.  Robertson further contends that, in seeking a recovery of attorneys' fees in connection with the court's May 4, 2012 sanctions order, Cartinhour is required to produce all of his attorneys' contemporaneous time sheets and billing records, in an unredacted form, dating back to the commencement of this bankruptcy case.  Robertson contends that Cartinhour has "submitted a hacked together, after-the-fact purported summary of what he incurred" (Mot. at 2), and quotes the holding of *Nat'l Ass'n of Concerned Veterans v. Sec'y of Def.*, 675 F.2d 1319, 1327 (D.C. Cir. 1982), that "[c]asual after-the-fact estimates of time are insufficient to support an award of attorney's fees."  (Mot. at 5.)

II

The court's decision did not award fees for the entire bankruptcy case.  Instead, the court awarded fees for attorney work arising from Ray Connolly's filing of papers after the trustee's filing of his report of no distribution:

2

> the court will sanction Robertson by awarding Cartinhour all attorney's fees and expense incurred for time spent preparing, filing, or litigating any response to any paper filed by or on behalf of Connolly following the trustee's report of no distribution in this case. This shall include attorney's fees incurred by Cartinhour in the preparation of and prosecution of any motion for sanctions addressing Robertson's conduct as it relates to Connolly, and it shall also include attorney's fees incurred in the preparation of filings relating to Cartinhour's ultimate settlement with Connolly, which yielded the revelation of Robertson's previously undisclosed involvement in the preparation of filing of Connolly's papers.

Memorandum Decision of May 4, 2012, at 77. The Court's *Order Imposing Sanctions Against Wade A. Robertson and Awarding Attorney's Fees to William Cartinhour* of the same date similarly provided:

> In accordance with a memorandum decision of this same date addressing William Cartinhour's motion for sanctions against Wade A. Robertson and this court's related order to show cause why sanctions ought not be imposed against Robertson for his role in the filing of papers on behalf of Ray Connolly, and this court having determined, in the exercise of its inherent powers, to award attorney's fees in favor of Cartinhour based upon Robertson's role in the preparation and filing of papers on behalf of Connolly, it is
>     ORDERED that pursuant to the court's inherent powers, the court awards attorney's fees in favor of William Cartinhour and against Wade A. Robertson as a sanction against Robertson for his role in the preparation and filing of papers on behalf of Ray Connolly in this bankruptcy case. It is further
>     ORDERED that within 21 days after entry of this order, William Cartinhour shall file a statement of attorney's fees incurred in the preparation and prosecution of any motion for sanctions addressing Wade A. Robertson's conduct in this bankruptcy case as it relates to Robertson's preparation and filing of papers on behalf of Ray Connolly, including attorney's fees incurred by Cartinhour in the preparation and prosecution of filings relating to Cartinhour's ultimate settlement

3

with Connolly, which yielded the revelation of Robertson's previously undisclosed involvement in the preparation and filing of Connolly's pleadings.[1]

III

Because the fees awarded were limited to specific categories of work, Cartinhour's attorneys were required to file only a statement relating to those specific categories of work, and were not required to file a statement of all fees incurred in the bankruptcy case. Cartinhour's attorneys explain that in complying with the court's direction, they reviewed the contemporaneous billing records and caused verbatim transfer of those matters listed in the Court's Memorandum Opinion to a separate document. This was done because during the times referred to, the attorneys had billing records that referred to other matters in this case which were not responsive to the court's order, including matters in the District Court (Civil Action No. 09-1642 ESH (D.D.C.)) and in the Court of Appeals (Case No. 10-7033 (D.C. Cir.)). The attorneys represent that the statement is verbatim from bills, with no redaction for the

---

[1] The order, by its statement that it "awards attorney's fees in favor of William Cartinhour and against Wade A. Robertson as a sanction against Robertson for his role in the preparation and filing of papers on behalf of Ray Connolly in this bankruptcy case" and by referring to the Memorandum Decision, made it evident that the fees to be awarded included, as stated more precisely in the Memorandum Decision, "fees for preparing, filing, or litigating any response to any paper filed by or on behalf of Connolly following the trustee's report of no distribution in this case." Robertson has not contended otherwise.

4

entries at issue.  The attorneys further represent that the statement's entries "are the contemporaneous, complete and standardized time entries – they are just not the entire bill and they are certainly not 'hacked together' or 'casual after the fact estimates of time'" as Robertson speculated.  It makes little sense to require Cartinhour's attorneys to submit to Robertson the actual time records, with time for unrelated work redacted, that would recite verbatim the same time entries as set forth in the statement Cartinhour already filed.  In *FDIC v. Bender*, 182 F.3d 1, 5 (D.C. Cir. 1999) (*Bender II*), the FDIC was entitled to attorney's fees and submitted only summaries of time records in seeking fees.  The FDIC's opponent had sought the contemporaneous time records themselves.  The court of appeals ruled that it was error to have ruled on the fee request based only on summaries of time records without the FDIC having produced the contemporaneous time records.  Here, in contrast, Cartinhour has produced a verbatim recitation of the contemporaneous time records, not merely summaries.  That distinguishes this case from *Bender II*, and there is no need for Robertson to have redacted time records when he already has been

supplied verbatim what such redacted records would reveal.[2]

IV

Robertson cites *Ideal Elec. Sec. Co., Inc. v. Int'l Fid. Ins. Co.*, 129 F.3d 143 (D.C. Cir. 1997), as supporting his entitlement to see all of Cartinhour's attorneys' billing records for the *entire* bankruptcy case, not just those entries relating to the work relating to the filings Robertson filed on behalf of Connolly. *Ideal* is distinguishable. There, a subcontractor sued Ideal Electronic and its surety on a payment bond. Ideal Electronic was obligated to indemnify the surety for all of its reasonable attorney's fees incurred in defending against the subcontractor's claims and in pursuing its cross-claim for indemnification, in other words, the surety was entitled to reasonable fees for *all* of its attorneys' work in the *entirety* of the civil action. It was in that context that the Court of Appeals stated:

> As a practical matter, the reasonableness of any portion of the billing statement can only be determined by examining all billing statements pertaining to the legal services provided as a whole. The reasonableness of any one entry on an attorney's billing statement is likely to be informed by other charges incurred for the same

---

[2] Nevertheless, out of an abundance of caution, to avoid the possibility of an appeal over the question of whether only the time records themselves (and not a verbatim recitation of the time entries) suffice to prove the work performed, Cartinhour's attorneys should produce at the hearing the contemporaneous time records relating to the work for which the court ordered fees to be awarded, but with time entries relating to other work redacted.

6

general service.

*Ideal*, 129 F.3d at 151. When, as here, fees are awarded for only a limited category of work, courts have correctly interpreted *Ideal* as being limited to the time records for the work for which fees were to be awarded. *See Vantage Trailers, Inc. v. Beall Corp.*, 2008 WL 4093691, at *3, n.2 (S.D. Tex. Aug. 28, 2008) (allowing a redacted version of the attorneys' billing records because only certain entries were relevant to the award of fees relating to a deposition). *Accord*, *Pillsbury Winthrop Shaw Pittman LLP v. Brown Sims, P.C.*, 2010 WL 56045, at * 8 (S.D. Tex. Jan. 6, 2010) (citing *Vantage Trailers* and directing that "Plaintiff may fully redact any entry for which reimbursement is not being sought. Plaintiff may not redact, even partially, any entry for which reimbursement is being sought.").

Indeed, *Ideal*, 129 F.3d at 152, notes that "'the nature and amount of proof necessary to determine reasonableness' is included within the trial court's scope of discretion in determining a reasonable fee award," citing *FDIC v. Bender*, 127 F.3d 58, 64 (D.C. Cir. 1997) (*Bender I*), and it obviously is not an abuse of discretion to require submission only of the time entries relating to work for which fees are to be awarded.

Moreover, *Ideal* was applying District of Columbia law to fees recoverable under a contract. In contrast, the fees to be awarded here are being imposed as a sanction, and that makes this

an even stronger case for denying a request for time records for attorney work for which fees are not being awarded. The court of appeals for this circuit have cautioned that sanctions litigation ought not turn into satellite litigation: "'the court must to the extent possible limit the scope of sanction proceedings to the record,'" and allow discovery 'only in extraordinary circumstances'" as "these practices help to 'assure that the efficiencies achieved through more effective operation of the pleading regimen will not be offset by the cost of satellite litigation over the imposition of sanctions.'" *McLaughlin v. Bradlee*, 803 F.2d 1197, 1205 (D.C. Cir. 1986), quoting Advisory Committee Note (1983) to Fed. R. Civ. P. 11. It follows that when attorneys' fees are recoverable as a sanction, the court's examination of time records to fix the amount of those fees ought to be confined to the time entries for attorney time that was incurred because of the sanctionable conduct.

V

In light of the foregoing, it is

ORDERED that *Wade Robertson's Motion to Compel William C. Cartinhour, Jr. to Provide His Attorneys' Contemporaneous Time Sheets and Billing Records for this Bankruptcy Case* (Dkt. No. 312) is DENIED.

                                        [Signed and dated above.]

Copies to: All recipients of e-notification; Wade Robertson.