**The document below is hereby signed.**

**Dated: July 11, 2012.**



_____
**S. Martin Teel, Jr.
U.S. Bankruptcy Judge**

```
            UNITED STATES BANKRUPTCY COURT
             FOR THE DISTRICT OF COLUMBIA

In re                         )
                              )
W.A.R. LLP,                   )    Case No. 11-00044
                              )    (Chapter 7)
             Debtor.          )    Not for Publication in
                              )    West's Bankruptcy Reporter
```

MEMORANDUM DECISION AND ORDER DENYING
WADE ROBERTSON'S MOTION TO COMPEL DISCOVERY

Wade Robertson has filed a motion to compel discovery. The court will deny the motion for the following reasons.

I

On May 4, 2012, the court issued an order for attorneys' fees to be recovered by William Cartinhour as a sanction against Wade Robertson for his role in the preparation and filing of frivolous papers on behalf of Ray Connolly (Dkt. No. 278). The order provided that Cartinhour was to file a statement of fees for attorney work attributable to that misconduct within 21 days after the entry of the court's order, and that Robertson was to file any objection within 21 days after Cartinhour's filing of his statement of fees. On May 21, 2012, Cartinhour filed his statement of fees, an affidavit of Patrick J. Kearney, Esq., the

attorney who has principally represented Cartinhour in this case, attaching a summary, as pertinent to work caused by the Connolly filings, of invoices of his law firm, Selzer Gurvitch Rabin Wertheimer Polott & Obecny, PC, that were submitted to Cartinhour.  On June 11, 2012, Robertson filed his objections to the statement of fees.  Robertson speculates that Cartinhour has not autorized Kearney and his law firm to represent him.[1]  A hearing on those objections is set for July 11, 2012.  On June 26, 2012, Robertson served interrogatories and a request to produce documents on Cartinhour directed to the issue of whether

---

[1] Robertson's speculations are based on Robertson's assertion that the following facts appear to be true:

   (1) Cartinhour entirely stopped paying Mr. Kearney and his law firm as of June 21, 2010, according to the available records which date through October 29, 2010;

   (2) no one from Mr. Kearney's law firm spoke or communicated with Cartinhour either in July or August of 2011, according to the available records;

   (3) as of at least August 8, 2011, Mr. Kearney's firm appears to be paying itself for work done on this bankruptcy case; and

   (4) in November of 2010, Mr. Kearney and his law firm attempted to settle all claims against them personally, along with all of Cartinhour's, without first disclosing the full terms of the proposed settlement to Cartinhour.

I fail to see how those facts supply an inference that Cartinhour did not authorize Kearney's law firm to represent him with respect to the filings made on behalf of Connolly.

Cartinhour authorized Kearney and his law firm to represent him. The discovery is extensive and burdensome,[2] and appears calculated to harass Cartinhour and his attorneys. On July 3, 2012, only eight days before the scheduled hearing, Robertson filed his motion to compel Cartinhour to comply with the

---

[2] For example, the request to produce documents seeks:

    1. The hard copy and native format electronically stored data version of any and all agreements establishing any attorney-client relationship between you (and your agents) and Selzer Gurvitch and/or Patrick Kearney.
    2. The hard copy and native format electronically stored data version of any and all Attorney-client retainer agreements between you (and your agents) and Selzer Gurvitch and/or Patrick Kearney, including any riders to those agreements.
    3. The hard copy and native format electronically stored data version of any and all written waivers concerning any attorney-client relationship between you (and your agents) and Selzer Gurvitch and/or Patrick Kearney.
    4. The hard copy and native format electronically stored data version of any and all documents which would otherwise limit or proscribe the scope of any attorney client relationship between you (and you agents) and Selzer Gurvitch and/or Patrick Kearney.
    5. The hard copy and native format electronically stored data version of all invoices that you (and your agents) have received from Selzer Gurvitch and/or Patrick Kearney.
    6. All cancelled checks payable from you (and your agents) to Selzer Gurvitch and/or Patrick Kearney.
    7. All documents other than cancelled checks which relate or "pertain" to any payments of any monies made by you (and your agents) to Selzer Gurvitch and/or Patrick Kearney.
    8. The hard copy and native format electronically stored data version of any and all billing statements, in an unredacted form, that you (and your agents) have received from Selzer Gurvitch and/or Patrick Kearney.

3

discovery on an expedited basis.

## II

The court of appeals for this circuit has cautioned that sanctions litigation ought not turn into satellite litigation: "'the court must to the extent possible limit the scope of sanction proceedings to the record,' and allow discovery 'only in extraordinary circumstances'" as "these practices help to 'assure that the efficiencies achieved through more effective operation of the pleading regimen will not be offset by the cost of satellite litigation over the imposition of sanctions.'" *McLaughlin v. Bradlee*, 803 F.2d 1197, 1205 (D.C. Cir. 1986), quoting Advisory Committee Note (1983) to Fed. R. Civ. P. 11. Accordingly, "discovery should be conducted only by leave of court, and then only in extraordinary circumstances." *Donaldson v. Clark*, 819 F.2d 1551, 1561 (3rd Cir. 1987) (quoting Advisory Committee Note (1983) to Fed. R. Civ. P. 11).

Robertson has not shown extraordinary circumstances warranting discovery. After Cartinhour's attorneys have been representing him in this bankruptcy case for more than a year and a half, Robertson has defended against Cartinhour's statement of fees by belatedly raising the contention that Cartinhour's attorneys were not authorized to represent Cartinhour. This has a Kafkaesque quality to it of Robertson telling Cartinhour that "You're not entitled to recover the fees owed to the attorneys

4

who have represented you in this case (without my having ever questioned their authority to represent you) because, only days before the hearing to address the amount of the sanction, I now contend that they were not authorized to represent you."

The general impropriety of discovery in sanctions litigation is borne out as well by the ordinary lack of any need for a hearing to set the amount of fees to be awarded as a sanction. The court set a hearing to fix the amount of sanctions because Robertson has raised his inability to pay as a factor weighing against a substantial award of fees, but ordinarily no hearing would have been necessary.[3]  The court of appeals for this circuit has held that it is not an abuse of discretion for a

---

[3] In *McLaughlin v. Bradlee*, the court of appeals ruled that McLaughlin (the party being sanctioned) had not been entitled to a hearing on what level of sanctions should apply:

> While it is perhaps conceivable that due process could require a hearing on sanctions under this rule in certain circumstances, McLaughlin offers no basis for any further proceedings on that subject here.  The trial court, as a primary participant in the proceedings, had already observed those elements of the litigation most relevant to the criteria for imposing sanctions under the rule, most notably McLaughlin's conduct during the trial.  While a hearing might on some occasions aid in examining the financial situation of a litigant upon whom sanctions are to be imposed, here McLaughlin concedes that such information may be found in the record. . . .   The opportunity the District Court provided McLaughlin to respond to the defendants' applications for fees and costs gave him ample opportunity to set forth whatever objections he had to the level of sanctions imposed.

*McLaughlin v. Bradlee*, 803 F.2d at 1205-1206 (citation omitted).

trial court not to have allowed inquiry "at an evidentiary hearing into what expenses were actually incurred" by the party seeking sanctions when the party being sanctioned "had ample opportunity to set forth arguments in opposition to sanctions." *See LaPrade v. Kidder Peabody & Co., Inc.*, 146 F.3d 899, 907 (D.C. Cir. 1998).  When ordinarily an evidentiary hearing is unwarranted, it makes sense that ordinarily discovery is unwarranted as well.

### III

Even if this were not sanctions litigation requiring special circumstances before discovery will be authorized, the court would deny Robertson's motion.  Robertson seeks discovery to be produced shortly before a hearing on an issue (an alleged lack of Cartinhour's attorneys being authorized to represent Cartinhour) that he has neglected for months to pursue, and that is based on pure speculation.  There is a presumption, conclusive in the absence of countervailing evidence to the contrary, that an attorney who has entered an appearance for a party has been authorized to represent that party.  *Bowles v. American Brewery*, 146 F.2d 842, 847 (4th Cir. 1945); *In re Pearl Coal Co.*, 115 F.2d 158, 159 (3d Cir. 1940); *In Re Gasser*, 104 F. 537, 538 (8th Cir. 1900).  As stated in *Booth v. Fletcher*, 101 F.2d 676, 683 (D.C. Cir. 1938):

> the presumption is that an attorney at law who appears in regular manner on behalf of a party litigant has

>   authority to do so; and one who would successfully
>   challenge his authority must present substantial proof in
>   the form of countervailing evidence that authority is
>   lacking, in order to justify, on that ground, an order to
>   strike a pleading from the files.  While it is true *in
>   such a case* that the court has power to require an
>   attorney, one of its officers, to show his authority to
>   appear, this is not an arbitrary power which permits the
>   court completely to disregard the presumption of
>   authority previously stated . . . .

(Footnotes omitted; emphasis added.)  Accord, *Communist Party, U.S.A. v. Comm. of Internal Revenue*, 332 F.2d 325, 327–28 (D.C. Cir. 1964); *Adem v. Bush*, 2006 WL 1193853, *3 (D.D.C. Apr. 28, 2006).  While *Booth* recognized that once a party has presented "substantial proof in the form of countervailing evidence that authority is lacking," a court has authority "in such a case" to require the attorney to "show his authority to appear," an attorney ought not be put to the burden of responding to burdensome discovery regarding his authority to appear on behalf of his client when no countervailing evidence has been submitted to challenge the presumption.  In that regard, *Booth*, 101 F.2d at 358 n.24, cited favorably *Dept. of Water and Power of City of Los Angeles v. Anderson*, 95 F.2d 577, 580 (9th Cir. 1938), in which the court observed:

>   We will assume that members of the bar formally appearing
>   for litigants before us and in other federal courts are
>   authorized to so appear (Hill v. Mendenhall, 88 U.S. 453,
>   21 Wall. 453, 454, 22 L.Ed. 616), and will continue to
>   indulge in that assumption *until* the litigants or such
>   attorneys formally and under oath challenge the truth of
>   such assumption, or *proof is submitted challenging the
>   truth of such assumption, sufficient to warrant inquiry
>   regarding such authority*.

7

(Emphasis added).

This rule applies in bankruptcy cases.  An attorney who has appeared on behalf of a party in a bankruptcy case is not required to produce evidence establishing her authority to represent the party, when her presumptive authority to represent that party is questioned without countervailing evidence.  *In Re Gasser*, 104 F. at 538; *Adair v. Bartholow (In re Great Western Cities, Inc.)*, 107 B.R. 116, 120-21 (N.D. Tex. 1989).

No inquiry warranting putting Cartinhour to burdensome discovery on a rush basis is warranted when Robertson has come forward with no substantial proof in the form of countervailing evidence to rebut the presumption that Kearney and his law firm have been authorized to represent Cartinhour.

IV

The records of this and the related civil action overwhelmingly indicate that Kearney and his law firm's representation of Cartinhour in this case was authorized by Cartinhour.  Kearney and his law firm represented Cartinhour, including as a witness, in the course of the civil action in the district court between Cartinhour and Robertson.  Robertson cannot seriously contend that Cartinhour had not authorized the attorneys to represent him with respect to the claims that Cartinhour pursued in the civil action.  This bankruptcy case ensued in November 2009 when the trial of the civil action was

imminent, and Robertson urged in the civil action that the bankruptcy case stayed the trial of the civil action. Cartinhour's attorneys addressed Robertson's challenge in the district court (noting that the claims they were still pressing were not stayed by the automatic stay) and defended against that challenge as well by filing in the bankruptcy court a successful emergency motion in November 2010 for relief from the automatic stay (including seeking a declaration that the automatic stay did not apply). Obviously their appearance in the bankruptcy case was incident to their representation of Cartinhour with respect to his claims being pursued in the civil action. Once in the bankruptcy case as counsel for Cartinhour, that representation continued as to matters affecting Cartinhour.

In May 2011, Robertson filed documents he had ghost-written for Ray Connolly, pressing the frivolous contention that this bankruptcy case voided the judgment Cartinhour recovered against Robertson in the district court, and seeking to hold Cartinhour and his attorneys in contempt. Once again, Cartinhour was forced to file papers in the bankruptcy court to address those filings in order to protect his right of recovery from Robertson.

V

Against the overwhelming evidence that the attorneys' representation of Cartinhour in this bankruptcy case was authorized by Cartinhour, Robertson raises no circumstances

9

genuinely suggesting that the attorneys lacked authority to represent Cartinhour, and presents only speculation that Cartinhour had not authorized the attorneys to represent him.  To recapitulate, Robertson's pure speculation that Cartinhour's attorneys were not authorized to represent him in the bankruptcy case is, under *McLaughlin v. Bradlee*, 803 F.2d at 1205, not an extraordinary circumstance justifying discovery in sanctions litigation, and is, under *Booth v. Fletcher*, 101 F.2d at 683, and *Dept. of Water and Power of City of Los Angeles v. Anderson*, 95 F.2d at 580, not the type of evidence required to rebut the presumption that the attorneys have been authorized to represent Cartinhour such as to justify an inquiry into such authority via burdensome discovery on a rush basis.

                                    VI

Cartinhour requests attorneys fees for responding to Robertson's motion.  Because the fees are additional fees stemming from Robertson's misconduct in filing papers for Connolly, and because the motion is plainly intended to harass Cartinhour, Cartinhour is entitled to recover such fees unless Robertson's assertion of an alleged inability to pay would warrant not awarding fees.  That issue will be addressed at the hearing of July 11, 2012.

VII

In light of the foregoing, it is

ORDERED that the *Motion of Wade Robertson to Compel Production of Documents and Answers to Interrogatories Served on William C. Cartinhour, Jr.* (Dkt. No. 343) is DENIED.

[Signed and dated above.]

Copies to: All recipients of e-notification; Wade Robertson.