**The document below is hereby signed.**

**Dated: July 24, 2012.**



_____
**S. Martin Teel, Jr.
U.S. Bankruptcy Judge**

```
               UNITED STATES BANKRUPTCY COURT
                FOR THE DISTRICT OF COLUMBIA

In re                         )
                              )
W.A.R. LLP,                   )    Case No. 11-00044
                              )    (Chapter 7)
            Debtor.           )    Not for Publication in
                              )    West's Bankruptcy Reporter
```

MEMORANDUM DECISION AND ORDER DENYING
WADE ROBERTSON'S MOTION TO COMPEL A SHOWING OF AUTHORITY
TO ACT OF ATTORNEY PATRICK KEARNEY AND THE MEMBERS OF HIS
<u>LAW FIRM FOR WILLIAM C. CARTINHOUR, JR. IN THIS BANKRUPTCY CASE</u>

For the reasons that follow, I will deny Wade Robertson's *Motion to Compel a Showing of Authority to Act of Attorney Patrick Kearney and the Members of His Law Firm for William C. Cartinhour, Jr. in this Bankruptcy Case.*

For reasons set forth in the *Memorandum Decision and Order Denying Wade Robertson's Motion to Compel Discovery*:

- an attorney who has appeared on behalf of a party in a bankruptcy case is not required to produce evidence establishing her authority to represent the party when the attorney's presumptive authority to represent the party is questioned without countervailing evidence;

- Robertson has come forward with no substantial proof in

      the form of countervailing evidence to rebut the presumption that Patrick Kearney and his law firm have been authorized to represent Cartinhour such as to justify an inquiry into such authorization; and

- in any event, the record in the civil action in the district court overwhelmingly established that Cartinhour had authorized Kearney and his law firm to represent him with respect to the claim they sought to protect in the civil action and in the proceedings in this bankruptcy case in which Robertson and the debtor sought to stymie Cartinhour's pursuit of his claim in the civil action.

Robertson's questioning of the authority of Kearney and his law firm came many months after they had represented Cartinhour successfully in the civil action, by obtaining a judgment in his favor against Robertson,[1] and after they had represented Cartinhour at the hearing on Cartinhour's request to order that sanctions be imposed. It is apparent that Robertson's belated inquiry into the authority of Kearney and his law firm to represent Cartinhour was an attempt to manufacture an excuse for

---

[1] A motion challenging an attorney's authority to represent a party should be raised by motion before trial. *See Communist Party, U.S.A. v. Comm'r of Internal Revenue*, 332 F.2d 325, 327 (D.C. Cir. 1964), citing *Alamo v. Del Rosario*, 98 F.2d 328 (D.C. Cir. 1938). By permitting Cartinhour's claim to go to judgment, Robertson no longer can question the authority of the law firm that represented Cartinhour in the civil action.

subjecting Cartinhour and his attorneys to burdensome discovery, and not based on a legitimate ground for questioning their authority.

The question of authority of an attorney to represent a party can be raised at any juncture, and the court has discretion to require an attorney to submit proof of his authority to represent his client. *Pueblo of Santa Rosa v. Fall*, 273 U.S. 315, 319 (1927); *Alamo v. Del Rosario*, 98 F.2d at 329. Nevertheless, there is not an absolute right on the part of a party to have the court require his opponent's attorney to produce such proof of authority, and the circumstances here weigh heavily against an exercise of discretion to require Kearney and his law firm to produce written proof of their authority to represent Cartinhour.

It is thus

ORDERED that Wade Robertson's *Motion to Compel a Showing of Authority to Act of Attorney Patrick Kearney and the Members of His Law Firm for William C. Cartinhour, Jr. in this Bankruptcy Case* is DENIED.

[Signed and dated above.]

Copies to: All recipients of e-notification; Wade Robertson.